351 P.2d 657

In the Matter of Eddie McCONNELL, Petitioner,

v.

T. H. NEWMAN, Sheriff of Yuma County, Arizona, Respondent.

No. 7066.

Supreme Court of Arizona.

April 27, 1960.

Cameron & Varga, Yuma, for petitioner.

Bill Helm, County Atty., Charles R. Mc-Kelvey, Deputy County Atty., Yuma, for respondent.

PHELPS, Justice.

This matter is here on an original writ of habeas corpus. It is stipulated that on January 18, 1960, a complaint was filed against the petitioner Eddie McConnell in a justice precinct court in Yuma County, charging him with the murder of one William Henley.

It is stipulated that petitioner was held to answer to the superior court of Yuma County on January 20, 1960, and that an information charging him with the crime of murder was filed in the superior court on February 23, 1960, thirty-four days after

petitioner had been held to answer. An attorney was appointed to represent him who orally moved the court that petitioner be remanded to the justice court for a preliminary hearing. This motion was resisted, and after deliberation the motion was denied by the Honorable Renz L. Jennings of the Maricopa County Superior Court, who had been called to preside in the case. However, on February 25, 1960, counsel filed a written motion in the superior court asking for an order dismissing the prosecution based upon the provisions of A.R.S. Rules of Criminal Procedure, rule 236, specifically upon the ground that the information was not filed in the superior court within thirty days after defendant was held to answer to said court. The court thereupon granted the motion to dismiss the prosecution and correctly so as the State made no attempt to show by affidavit, or otherwise, good cause for failing to file the information in the superior court within the time prescribed.

Thereafter, on the same day, the county attorney caused a new complaint to be filed before a magistrate against petitioner charging him again with first degree murder, and on February 29 petitioner filed a petition in the superior court for a writ of habeas corpus. This petition was heard before the Honorable Robert Roylston, a nonresident judge, who had been called to preside in the case and who ordered the writ to issue and set it for hearing on March 2, 1960. On March 3 Judge Roylston ordered defendant released from custody on said writ of habeas corpus, and at the same time denied a motion by the county attorney to modify Judge Jenning's order dismissing the prosecution against petitioner.

In the meantime, and on February 29, without notice to defendant, the county attorney contacted Judge Jennings and secured from him a purported nunc pro tunc order directing the county attorney to refile a new complaint against petitioner—again charging him with murder. Other motions were made and denied, and on March 3 the county attorney caused to be filed another complaint against petitioner in the justice court charging him with (1) second degree murder, (2) voluntary manslaughter, (3) involuntary manslaughter, (4) assault with intent to commit murder, (5) assault with a deadly weapon, (6) aggravated assault, and (7) aggravated battery.

The latter complaint related to the same homicide charged in the original complaint and information. On March 4, petitioner filed another petition for writ of habeas corpus. On March 8, 1960 the Honorable William Nabours of the Yuma County Superior Court quashed the writ and ordered petitioner remanded to the custody of the

sheriff, and on March 14, there were filed in this Court separate appeals from the orders of Judge Roylston, refusing to modify his order of dismissal and his order discharging petitioner from custody on writ of habeas corpus. And on March 10, 1960, an original petition for writ of habeas corpus was filed in this Court. In short, a simple matter has been made very complicated. We chose to grant the writ of habeas corpus as an original proceeding in this Court and the matter has been submitted on an agreed statement of facts and the meager law available thereon.

The sole questions here, as we see it, is simply whether the order of the trial court directing the county attorney to refile the charge against a defendant, must be made simultaneously with the order dismissing the prosecution against him for failure to file the information within thirty days after the order holding him to answer to the superior court. Rule 236, A.R.S. Rules of Criminal Procedure, provides that:

"When a person has been held to answer for an offense, if an information is not filed against him for the offense within thirty days thereafter, * * * the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, unless good cause to the contrary is shown by affidavit, or un-

less the action has not proceeded to trial because of the defendant's consent or by his action. * * *"

Rule 238, A.R.S. Rules of Criminal Procedure, provides that:

"An order for the dismissal of the prosecution, as provided in Rule 236, is a bar to any other prosecution for the same offense if it is a misdemeanor, but it is not a bar if the offense is a felony, provided no such prosecution shall be instituted without the order of the court in which the action was pending."

█ A careful analysis of Rule 238, A.R.S. supra, clearly indicates that the trial court is not required to make the order simultaneously with the order of dismissal although it may be the practical thing to do. On the other hand, its purpose being to afford a defendant a speedy trial such an order should be made without undue delay.

█ The stipulation discloses that Judge Jennings attempted to enter an order nunc pro tunc on February 29, 1960 directing a new complaint to be filed. That order was invalid as an order "nunc pro tunc" under the rule enunciated in Rae v. Brunswick Tire Corp., 45 Ariz. 135, 40 P.2d 976, 977, and Black v. Industrial Commission, 83 Ariz. 121, 317 P.2d 553. We think there is no doubt however that the order of Judge

Jennings when shorn of its "nunc pro tunc" appendage was a valid order as of February 29, 1960, authorizing the county attorney to file a new complaint against defendant. Rules 231 et seq. A.R.S. Rules of Criminal Procedure, do not require defendant to be present when such an order is made.

It follows therefore that the complaint thereafter filed against defendant in the justice court hereinabove described conforms with the requirement of Rule 238, A.R.S. Rules of Criminal Procedure.

We hold that after the dismissal of an information charging a felony against a defendant for failure to file it within the time prescribed by Rule 236, supra, a new complaint may not be filed against said defendant on the same charge without an order previously made and entered by the court authorizing it.

We hold that said rule does not require that such order be made simultaneously with the order dismissing the prosecution. It must be done without undue delay however and under the circumstances of this case, there was no undue delay in making such order.

The writ of habeas corpus is hereby ordered quashed.

STRUCKMEYER, C. J., and UDALL, JOHNSON and BERNSTEIN, JJ., concur.