529 P.2d 686

**STATE of Arizona ex rel. Moise BERGER,
Maricopa County Attorney,
Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona,
IN AND FOR the COUNTY OF MARI-
COPA, the Honorable Morris Rozar, Mar-
garito Almeda, Gallegos Martinez, Epimenio
Lopez, and Jesus Chavira, real parties in
interest, Respondents.**

No. 11631.

Supreme Court of Arizona,
In Banc.

Dec. 20, 1974.

Rehearing Denied Jan. 21, 1975.

**336**

Moise E. Berger, Maricopa County Atty., by Joseph E. Abodeely, Phoenix, for petitioner.

Welliver, Smith & McVay by J. Douglas McVay, Phoenix, for respondent Almeda.

Mason & Ross by Frank L. Ross, Phoenix, for respondent Lopez.

E. Reid Southern, Phoenix, for respondent Chavira.

CAMERON, Vice Chief Justice.

This is a petition for special action filed by the County Attorney of Maricopa County asking that we review the decision of the trial court in dismissing criminal actions against the defendants for failure to comply within the time limits of the rules of Criminal Procedure 1973.

After hearing, we took jurisdiction of the petition for special action and ordered that the trial proceed in the matter, and we indicated that an opinion was to follow. Thereafter, as a result of plea bargains, the defendants entered the following pleas and received the following sentences:

Gallegos Martinez, voluntary manslaughter, one to ten years in the Arizona State Prison.

Jesus Chavira, voluntary manslaughter, one to ten years in the Arizona State Prison.

Margarito Almeda, murder second degree, twenty five years to life in the Arizona State Prison.

Epimenio Lopez, murder second degree, fifteen years to life in the Arizona State Prison.

Lopez, Almeda and Martinez have given notice of appeal.

The facts necessary for a determination of this matter are as follows. Defendants were arrested on 8 February 1974 and after preliminary proceedings an information was filed and arraignment held in the Superior Court on 20 February 1974. An omnibus hearing was set for 18 March and trial for 28 March 1974. Thereafter the following transpired:

18 March 1974 there was a motion for change of judge and on 28 March a hearing was set on said motion.

3 April 1974 the hearing on change of judge was held. At such hearing it was determined that all parties approved of Judge Case and Judge Roush and the matter was transferred to Judge Case for further proceedings.

18 April 1974 Judge Case ordered the matter transferred to Judge Roush for reassignment.

19 April 1974 the County Attorney filed a motion to reset the omnibus hearing asking that the omnibus hearing be set within five days and a trial date soon after calling the court's attention to the time limits.

22 April 1974 hearing on motion to reset, order granted. The matter was set for trial before a jury on 13 May 1974; omnibus hearing 7 May 1974.

23 April 1974 the defendant Almeda filed a written motion for release based on the failure to bring him to trial within the sixty days contained in the rules.

24 April 1974 hearing on motion to release heard and the release was denied.

7 May 1974 the omnibus hearing commenced and the court entered an order that the records would show that the court had a brief conference with the counsel and due to the number of matters no evidence would be determined at that time. At this time counsel for defendant Almeda requested competency determination and doctors were appointed. At this time also a motion of the defendant Chavira was made to sever. The record before this court does not indicate a ruling on this motion. Also on 7 May 1974, the County Attorney moved in limine to prevent certain matters from being presented because of lack of reciprocal discovery.

24 May 1974 a hearing pursuant to Rule 11 of the Rules of Criminal Procedure 1973, 17 A.R.S. was held and the court found that the defendant Almeda was able to understand the nature of the proceedings against him and assist counsel. An omnibus hearing as to all defendants was set at this time for 3 June 1974 at 1:30. Testimony was taken on 3 June and the court recessed to 4 June 1974 when further testimony was taken.

20 June 1974 the court informed attorney for defendants, Almeda and Gallegos, and the deputy prosecutor that the court could not continue with the case as he was being assigned to the Juvenile Court and that he would be unable to hear further the voluntariness hearing.

21 June 1974 the matter was transferred to Judge Rozar.

3 July 1974 a motion to dismiss was made on behalf of all the defendants as well as a motion by the County Attorney to schedule proceedings.

10 July 1974 the matter was dismissed followed by the petition for special action to this court. Although counsel for defendants appeared at the oral argument on the petition for special action, no response was filed to the petition either before or after the hearing. We are therefore hampered by a meager record on which to base our decision.

### EXCLUDED TIME

█ Rule 8.4 of the Rules of Criminal Procedure 1973 excludes certain periods from computation of time for speedy trial purposes. Rule 8.4(e) reads:

"e. Delays resulting from joinder for trial with another defendant as to whom the time limits have not run when there is good cause for denying severance. In all other cases, severance should be granted to preserve the applicable time limits."

Assuming for the purpose of this motion that there was good cause for denying the severance, each of the four defendants then are chargeable with excluded time attributal to any of the other defendants. Rule 8.4(a) specifically provides for delays occasioned by an examination and hearing to determine competency. Therefore, the delay in this case occasioned by the determination of competency of the defendant Almeda was excluded time as far as the other three defendants were concerned. That motion was made on 7 May and the matter determined on 24 May. 17 days should therefore be excluded from the total time of all the defendants.

█ We next come to the delay occasioned by the search for another judge. Rule 8.4, Rules of Criminal Procedure 1973. Rule 8.4(a) excludes from computation of time "[d]elays occasioned by or on behalf of the defendant." We believe that when a defendant moves for change of judge as provided by Rule 10 of the Rules of Criminal Procedure 1973, it is for and on behalf of the defendant and the reasonable time it takes to find a new judge is time which should be excluded from the computation of time.

Motion for change of judge was made on 18 March 1974. On 3 April 1974 a hearing was held and Judge Case and Judge Roush were approved by the four defendants and the case was ordered transferred to Judge Case for further and fu-

ture proceedings. It is the contention of the State that the time period from 18 March to 18 April, when Judge Case actually assigned the matter to Judge Roush, is the excluded time. The defendant on the other hand contends that if this time is to be excluded, it should be between 18 March and 3 April 1974. Because the file before us is limited and because the defendants have not filed any memoranda with us which would clarify the record, we will assume that the contention of the County Attorney is correct in this case and that therefore the full 31 days from 18 March to 18 April should be excluded.

It is contended by the prosecutor that further time should be excluded because there was congestion due to extraordinary circumstances which would bring the matter within Rule 8.4(c) which reads:

"c. Delays necessitated by congestion of the trial calendar, but only when the congestion is attributable to extraordinary circumstances, in which case the presiding judge shall promptly notify the Chief Justice of the Arizona Supreme Court of the circumstances."

■■■ Rule 8.4(c) contemplates that the presiding judge shall be apprised of the situation in order for the presiding judge to notify the Chief Justice of the delays. In order for delays occasioned by congestion to be excludable, the fact must be so reported. In the instant case had the presiding judge been apprised of the situation, we assume that he would have taken immediate steps to correct the situation in addition to notifying the Chief Justice of this court in order that we could take the proper action if needed. The trial judge should have apprised the presiding judge of this problem and of the extraordinary circumstances, if any, present. Because this was not done, the record before us is void of any finding of extraordinary circumstances upon which we could hold that the time should be excluded. This being the case we cannot exclude any time based on extraordinary circumstances.

## WERE THE SPEEDY TRIAL RULES VIOLATED?

Admitting these delays (17 days plus 31 days, or 48 days), it is apparent that the defendants were not brought to trial within the time periods prescribed by the Rules of Criminal Procedure 1973. The defendants were in custody and should have been tried within 60 days from the date of arraignment before the trial court, on 20 February 1974. In the instant case the time from 20 February 1974 to the day the motion to dismiss was granted, 10 July 1974, was 140 days. When the amount of excluded time of 48 days is deducted, this leaves 92 days, well in excess of the 60 days required by Rule 8.2 of the Rules of Criminal Procedure 1973 for persons in custody.

It is noted that the prosecutor, while notifying the trial court of the time period as required by Rule 8.1(c) of the Rules of Criminal Procedure 1973, failed to make any motion for continuance.

Rule 8.5 reads as follows:

"Rule 8.5 *Continuances*

"a. *Form of Motion.* A continuance may be granted only upon written motion, stating with specificity the reasons justifying it, and a certificate of the signer that it is made in good faith. A second continuance may be granted upon a second motion and certificate. Any additional continuance in this case may be granted only by the presiding judge.

"b. *Grounds for Motion.* A continuance shall be granted only upon a showing that extraordinary circumstances exist and that delay is indispensable to the interests of justice. A continuance may be granted only for so long as is necessary to the interests of justice, and in no case for longer than 30 days.

"c. *Copies of Order.* Upon granting a motion by either party for a continuance the court shall direct a minute entry specifically enumerating its reasons. The clerk shall send a copy to each of the parties, to the presiding judge, and to the Chief Justice of the Arizona Su-

preme Court. An order denying the motion may be entered summarily."

■ The prosecutor had a duty to ask for and obtain the necessary continuances in this case when the circumstances became apparent that it was necessary to do so, presenting to the court the facts which would warrant such a continuance and making a record from which we could, if necessary, find support for said continuance. We cannot say, from the facts before us, that the trial court abused its discretion in dismissing the criminal action in this case.

One of the dangers of the extraordinary writ practice is that the court can be tempted, as here, to grant relief after oral argument with an incomplete record and an insufficient review of the law and the facts. Such appears to be the case herein and after further consideration of the admittedly incomplete record before us and the applicable law with special attention to the Rules of Criminal Procedure 1973, we come to the conclusion that we erred in ordering the matter to trial at the time of the oral argument. We find that after excluding the periods already mentioned, the defendants' rights to speedy trials under our Rules of Criminal Procedure 1973 were violated. The trial court was not in error in so holding.

## DISPOSITION

Holding as we do that the trial court did not err in dismissing the action, it does not follow that the matter must be dismissed with prejudice. There appears to be some confusion in the term "speedy trial" used in connection with the Rules of Criminal Procedure 1973 and the constitutional requirements for a speedy trial as set forth in the decisions of the United States Supreme Court, Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The United States Supreme Court has stated:

"Given the unchallenged determination that petitioner was denied a speedy trial, the judgment of conviction must be set aside; the case is therefore remanded to the Court of Appeals to direct the District Court to set aside the judgment, vacate the sentence, and dismiss the indictment." Strunk v. United States, 412 U.S. 434, 440, 93 S.Ct. 2260, 2264, 37 L.Ed.2d 56, 62 (1973).

■ Were we concerned herein with federal constitutional denial of speedy trial under the decisions of the United States Supreme Court interpreting the United States Constitution, we would have no other recourse, once there was a denial of speedy trial determination, but to dismiss the action. Arizona has, however, provided for stricter speedy trial requirements than those provided by the United States Supreme Court in interpreting the United States Constitution. See, Barker v. Wingo, supra. It does not follow, however, that the relief to be afforded a person for the violation of the admittedly more strict Arizona speedy trial requirements is the same as that provided by the United States constitutional requirements of speedy trial. Until such time as the speedy trial violation in Arizona reaches federal constitutional proportions, our remedies may be and are different than those imposed by the United States Supreme Court for violation of speedy trial.

The right to speedy trial is generally considered to be a defendant's right. Indeed, the United States Constitution, Amendment VI, and the Constitution of the State of Arizona, Art. 2, § 24, A.R.S., states this right in such terms. As a practical matter, however, as far as a guilty defendant is concerned, it is a right that he seldom urges except in those cases when, after the time has run, he perceives that his right to speedy trial has been violated. A guilty defendant is usually content to allow the trial date to be continued until such time as the witnesses have left or disappeared, the passions of the victims have cooled, and the zeal of the prosecutor has been dampened.

An innocent defendant, however, usually wants a trial as soon as possible in order

that his innocence may be determined and he can go free. Society, also, has an interest in knowing who is guilty as soon as possible. Assuming that the guilty will be punished, society is then able to take from its midst, if imprisonment is indicated or to have under supervision if probation is granted, those persons who might otherwise be committing crimes. In addition, if there is a deterrent value in conviction and punishment as we believe there is, the swifter the punishment the greater the deterrent; and conversely, the longer criminal trials are prolonged the less deterrent value there is in trial and punishment. In discussing these rules, the University of Arizona Law Review has stated:

"The committee which wrote the *Rules* contended that there are two advantages to society as a whole under a swift, efficient criminal justice system. The major goal of any criminal justice system —protecting the public—is accomplished by removing from society those persons who have committed crimes and by deterring potential criminals. The more swiftly the process operates, the more effective will be the protection of the public because the dangerous criminal is quickly removed from the streets. Also, the drafters of the *Rules* contended, 'swift and certain' punishment has a greater deterrent effect. The societal interest in accurate fact finding is similarly advanced by a speedy criminal process. The committee observed that the further removed the trial is from the occurrence of a criminal act, the less likely is a factually accurate conviction or acquittal." Note, "Arizona Rules of Criminal Procedure," 16 Ariz.L.Rev. 167, 168 (1974). (Footnotes omitted)

This, of course, brings us to the problems the courts face in enforcing any workable speedy trial requirement. If the right to speedy trial is left entirely to the whims and desires of the defendant, there will be no such thing as a speedy trial. Experience has shown that where the defendant is allowed to waive the speedy trial requirement or where he is allowed to stipulate with the prosecutor to unlimited continuances and delays, too many cases have slowly and silently faded away until, unnoticed by the news media and the public, they are quietly dismissed.

On the other hand, we cannot enforce a rule whereby even minor violations of the time limits must result in the automatic dismissal of the case and the release of the accused. It is not the purpose of the speedy trial provision to enable the guilty to go free on technicalities.

Rule 8.6(b) of the Arizona Rules of Criminal Procedure 1973 reads as follows:

"b. *Other Violations.* If the court determines after considering the exclusions of Rule 8.4, that a time limit established by Rules 8.2(a), 8.2(c), 8.2(d), 8.3(a), 8.-3(b)(2), or 8.3(b)(3) has been violated, it may on motion of the defendant, or on its own initiative, dismiss the prosecution with prejudice."

While it is not entirely illogical to interpret this provision as requiring that if the court does in fact dismiss the prosecution it may dismiss only with prejudice, we feel, however that this is an incorrect interpretation and we hold that when the court does find that there is ground to dismiss the prosecution pursuant to 8.6(b) that it may, in its discretion, dismiss with prejudice or without prejudice depending upon the facts of the case. The Comment to Rule 8.6(b) is consistent in that it would allow a refiling with the permission of the court which can only be done if the dismissal is without prejudice:

"Rule 8.6 makes the sanction for violation of speedy trial time limits the dismissal of the case with prejudice. Felonies can be refiled with the permission of the court. * * *"

The Comment cites McConnell v. Newman, 87 Ariz. 381, 351 P.2d 657 (1960) which allowed a refiling after dismissal for failing to follow the time requirement in prosecuting. Although the failure of the prosecu-

tor to ask for a continuance indicates a lack of diligence on the part of the State, in the instant case the cause of the delay with the exception of the excluded periods of time must be laid at the door of the court and not the prosecution or the defense. It is for this reason that we believe the proper disposition of this matter is to allow the dismissal in the discretion of the trial court to be without prejudice.

We are not unmindful that Rule 16.7(d) of the Rules of Criminal Procedure 1973 reads as follows:

> "d. *Effect of Dismissal.* Dismissal of a prosecution shall be with prejudice to commencement of another prosecution arising out of the same events or transactions, unless, when the dismissal is based on a ground other than a violation of Rule 8, the court in its order finds that the interests of justice require that the dismissal be without prejudice."

The Comment to Rule 16.7(d) also states:
> "This section establishes the general principle that an accused who successfully opposes a criminal prosecution should not be put to the additional expense, prejudice and anxiety of reprosecution unless 'the interests of justice require.' Cf. the 1956 Arizona Rules of Criminal Procedure, Rule 236 and 238."

If Rule 16.7(d) appears to be in conflict with Rule 8, by this opinion we hold that Rule 8 applies and the prosection may be dismissed without prejudice even for violations of Rule 8 when the trial court, in its discretion, directs.

The route we follow here is not perfect, but it does provide some sanction against the one officer who has the prime responsibility in seeing that the speedy trial provisions are met, and that is the prosecutor. He has the responsibility under our rules of calling this to the attention of the trial judge, of making motions for continuances when these are indicated, and of seeing that the defendant is brought to swift and certain justice. Therefore, requiring that a dismissal occur when these rules are violated, but allowing the trial judge, in felony cases when the facts warrant, to temper this dismissal by ordering it to be dismissed without prejudice and requiring the prosecutor to file again, provides sufficient sanction to the prosecutor while at the same time not requiring the courts to turn a defendant loose who should be tried.

The matter is remanded to the Superior Court for determination as to whether the dismissal of the prosecution is to be with or without prejudice of a new trial. If the court in its discretion believes the dismissal should be without prejudice, then the plea bargains and agreements previously entered into by the defendants and the prosecutor and the judgments entered thereon may be set aside and the matters speedily and expeditiously tried on the merits. The defendants shall be tried within 60 days of the issuance of the mandate herein. The defendants need not be released on their own recognizance pending trial.

STRUCKMEYER and LOCKWOOD, JJ., concur.

HAYS, Chief Justice (specially concurring):

I concur with the result reached by the majority opinion, but I cannot subscribe to the unreasonable burden placed upon the prosecution. The majority opinion says that even though the county attorney is ready to proceed with the trial and notifies the Court of the time deadline problem involved, he must also file a written motion to continue if it appears that a case log jam in the court will possibly necessitate a continuance. I can find neither logic nor reason to require a county attorney to file for a continuance that he doesn't himself want or need. Let the judge make his own record to justify the continuance of a case, especially if it is occasioned by the state of his own calendar.

HOLOHAN, Justice (dissenting).

The decision by the Court in this case to release four admitted killers on society presents matters of grave concern. This is particularly so when the reason for such

action is not because any constitutional right of the defendants has been violated but because there has been a violation of the Court's rules.

The confusion in this matter is further compounded by the fact that the Court initially ordered that the trial court not dismiss the action but proceed to trial. The trial court undertook to comply with this Court's order, and the defendants entered into plea agreements, by which they pled guilty to lesser degrees of homicide and have been sentenced to confinement. These convictions are set aside; the information dismissed; the trial court instructed to determine whether the dismissal is with or without leave to refile.

At the outset it must be emphasized that this case does not involve any violation of the constitutional right of the defendants to speedy trial. I am in agreement with the majority's distinction between the so-called "speedy trial" requirements of the Rules of Criminal Procedure (1973) and the constitutional requirements of speedy trial. Clearly, there is no deprivation of the defendants' right to speedy trial in the constitutional sense. The real issue involved in the case is an interpretation of the Court's rules.

I am in total disagreement with the Court's interpretation of Rule 8.6(b). Apparently the majority takes the view that the rule requires that a case must be dismissed for a violation of the time limits within which cases must be tried. I find nothing in the rule which requires such a conclusion. As I read subsection (b) the court is given discretion whether or not to dismiss the prosecution.

Interestingly enough I am in disagreement with the Court as to the meaning and effect of a dismissal under subsection (b). The majority takes the view that the court may dismiss the prosecution for a violation of speedy trial requirements, but there is discretion whether leave is granted to refile or not. Apparently the rationale is that the discretion indicated by the permissive "may" applies to the determination of whether to allow refiling of the charge after dismissal. If subsection (b) were the only consideration there might be some justification for the Court's ruling especially in view of the somewhat equivocal comments in the rules. However, the Court gives quick gloss to Rule 16.7(d):

"Dismissal of a prosecution shall be with prejudice to commencement of another prosecution arising out of the same events or transactions, unless, when the dismissal is based on a ground other than a violation of Rule 8, the court in its order finds that the interests of justice require that the dismissal be without prejudice."

From a reading of the foregoing rule it appears that a dismissal shall be with prejudice unless the interests of justice require that the dismissal be without prejudice, but such considerations do not apply to a violation of Rule 8 which is the speedy trial provisions of the rules. A violation of Rule 8 is treated differently than other grounds for dismissal. In my view it was intended that dismissals for violation of Rule 8 time limit could only be with prejudice.

The foregoing position is supported by the history of Rule 8.6. The recommendations of the drafting committee on the criminal rules was that the rule provide:

"a. *DEFENDANT IN CUSTODY.* IF A DEFENDANT IN CUSTODY IS NOT BROUGHT TO TRIAL WITHIN THE TIME LIMITS PRESCRIBED BY RULE 8.2(b), HE SHALL BE RELEASED ON HIS OWN RECOGNIZANCE WITHOUT DELAY, AND THE TIME LIMIT PRESCRIBED BY RULE 8.2(c) SHALL APPLY.

"b. *OTHER VIOLATIONS.* IF THE COURT DETERMINES AFTER CONSIDERING THE EXCLUSIONS OF RULE 8.4, THAT A TIME LIMIT ESTABLISHED BY RULES 8.2(a), 8.2(c), 8.2(d), 8.3(a), 8.3(b)(2), OR 8.3(b)(3) HAS BEEN VIOLATED, IT

SHALL ON MOTION OF THE DEFENDANT, OR MAY ON ITS OWN INITIATIVE, DISMISS THE PROSECUTION WITH PREJUDICE."

The language used by the drafting committee leaves no doubt that a dismissal with prejudice was to be entered for violations of the time limits established by Rule 8. Fortunately for the judicial system and society the Court declined to accept the committee's version. As will be noted the Court amended subsection (b) to make the dismissal of a prosecution permissive by using the term "may." As I would read the rule, whether the court below dismisses the case or not is a matter within the trial court's sound discretion. The permissive "may" leaves the trial court discretion to determine whether the case should be dismissed even if the time limits have been violated. However, it appears to me that if the court does in fact dismiss the prosecution it must be with prejudice because of the provisions of Rule 16.7(d).

The comments under Rule 8.6 offer no assistance as to the intended meaning of the rule. The comments are as confusing as the rule.

In the final analysis the provisions of Rule 8.6(b) present a problem of construction of what this Court meant for the rule to say. What is the purpose and intent of the rule—the policy? In my view the rule was designed to provide the trial court with a sanction for gross violation of speedy trial limits.

The concept of dismissal of criminal prosecutions for violations of the speedy trial time limits is questionable at best. The ones responsible for time delays are not punished by dismissal of the case. The public is made to suffer by turning some admitted criminals back into society. It is the height of folly to contend that by dismissing a criminal prosecution that this is somehow a punishment on those responsible for causing the dismissal. Serious scholars have questioned the real efficacy of even the exclusionary rule as a device to deter illegal searches. See American Bar Standards, The Urban Police Function, pages 156–158.

The sanction to be imposed in this case is not applicable to the prosecutor, but three justices have conjured up the proposition that the prosecutor should have moved for a continuance. This novel position requires a prosecutor to move for a continuance he doesn't want to protect the record from judge caused delays. I agree with the Chief Justice that judges should make their own record for judge caused delays. Upon whom should the onus of the sanction fall? Certainly not the last trial judge who found the case in its present posture. Should it fall on the several judges who were involved in various stages of the case as it ran its tortuous path through the criminal divisions of the Superior Court? Perhaps. Should the responsibility be carried by this Court for prescribing a set of time limits which in the test of time are proving themselves totally unreasonable and unworkable?

It is a matter of common knowledge that the two most populous counties in the state are suffering a total breakdown in the disposition of litigation. In a short period of time all the judges of these two counties may be trying nothing but criminal cases. It is fallacious to argue that the only reason for delay is that public officials have failed to devote sufficient resources to the prosecution and disposition of criminal cases. It is this Court initially which has arbitrarily set time limits which in its view represent speedy justice, and at the same time increased the pretrial procedure before a case can ever be tried. There is no magic formula nor agreed fact which dictates the time limits which constitute speedy justice. The Court in the adoption of the criminal rules, with very little empirical data, decided upon the recommendations of a select committee for the time limits provided in Rule 8.2. Experience has shown that such time limits are a disaster to the justice system.

With such a background this Court now directs that this case must be dismissed.

The previous decision of the court is set aside, and the trial judge is left to decide whether the dismissal will be with or without prejudice. If the dismissal is without prejudice the public, the court system, and even the defendants must expend the time, energy and money to start the case anew for another trip through the wonderland of the criminal divisions of Maricopa County; if the dismissal is with prejudice four admitted killers will be released into society *without punishment.* Neither of these alternatives is acceptable or endurable. The construction placed on the criminal rules by the majority leads inescapably to an absurd result.

There are no great constitutional principles involved in the ruling today. The underlying principle involved in this case is that the Court's arbitrary time limits will be upheld *no matter what the consequences may be.* No doubt the principle can be clothed in terms of "speedy justice" and "proper judicial administration" or other appropriate slogans. Brushing aside the birdlime of judicial rhetoric the decision and underlying rationale of the Court in *this case is a subversion of the cause of* justice which can only weaken public confidence in the judicial system of this state.