535 P.2d 1308

**STATE of Arizona, Appellee,**

v.

**William Dean WEHRHAN, Appellant.**

**No. 2 CA–CR 531.**

Court of Appeals of Arizona,
Division 2.

June 3, 1975.

Rehearing Denied June 30, 1975.

Review Denied Sept. 23, 1975.

Bruce E. Babbitt, Atty. Gen. by John S. O'Dowd, Asst. Atty. Gen., Tucson, for appellee.

John M. Neis, Pima County Public Defender, by Frederic J. Dardis, Asst. Public Defender, Tucson, for appellant.

OPINION

HOWARD, Chief Judge.

Appellant was convicted by a jury of burglary and grand theft. The court sentenced him to serve a term of not less than three nor more than five years for the burglary count and not less than two nor more than five years for grand theft, to run concurrently with the burglary sentence. Two issues are raised on appeal. Only one needs to be considered at this time.

Appellant claims that his right to a speedy trial under Rule 8.2, Arizona Rules of Criminal Procedure, 17 A.R.S., has been violated. On August 7, 1974, appellant and John Martinez were indicted for burglary and grand theft. Eight days later appel-

lant was arraigned. Trial was set for October 24. On September 17, 1974, appellant moved to sever his trial from that of John Martinez. The court granted appellant's motion. Shortly thereafter, the attorney for Martinez moved for and was granted a continuance until November 26. Through a clerical error, the court administrator's office believed that the continuance applied to appellant as well as Martinez, and appellant's trial was not begun until December 2, 1974—fully 106 days (excluding two days' delay occasioned by appellant's motion to sever) after appellant was arraigned.

 Appellant filed a motion to dismiss for failure to comply with Rule 8 which was denied by the court below explaining:

> "This case having been severed—the case of this defendant, rather, having been severed from the other case— the case of the other defendant, recently —and a substitution of counsel in that case—and the substitute counsel asking for the continuance, and it being granted —tended to create a confused situation as to the case, causing the court administrator's office to—with all of the other congestion—to lose sight of the fact that this case had not been continued."

In failing to grant appellant's motion to dismiss, the court below erred. Appellee contends that the time from October 22, when the Chief Justice recognized the court congestion in Pima County as an emergency situation, until the date of the trial should be excluded time under Rule 8.4(c) as a delay "necessitated by congestion of the trial calendar . . . ." Yet, as the above quotation indicates, the delay in this case was necessitated by a clerical error, not by court congestion. Because appellant was not tried within the time limits dictated by Rule 8, it is necessary that the case be remanded to determine whether to dismiss with or without prejudice. State ex rel. Berger v. Superior Court, 111 Ariz. 335, 529 P.2d 686 (1974).

The judgment is vacated, the sentence is set aside and the case is remanded for proceedings consistent with this opinion.

KRUCKER and HATHAWAY, JJ., concur.