540 P.2d 1281

**STATE of Arizona, Appellee,**

v.

**Ernest Perez ARMENTA, Appellant.**

**No. I CA–CR 989.**

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 7, 1975.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Galen H. Wilkes, Asst. Attys. Gen., Phoenix, for appellee.

Derickson & Kemper, by James Hamilton Kemper, Phoenix, for appellant.

OPINION

DONOFRIO, Judge.

This appeal involves an application of the 90-day time limit of Rule 8.2(c), Rules of Criminal Procedure, 17 A.R.S. That rule states that a defendant, not in custody, must be brought to trial within 90 days of his arraignment date after subtracting any excluded periods of time under Rule 8.4. In the instant case appellant's arraignment was on June 3, 1974, and he was tried before a judge on October ·18, 1974, 137 days after arraignment.

Appellant has raised no federal constitutional speedy trial issues in this appeal, therefore the result this Court reaches is based on our interpretation of the Arizona Rules of Criminal Procedure. *See State ex rel. Berger v. Superior Court,* 111 Ariz. 335, 529 P.2d 686 (1974).

Appellant's defense counsel moved for a continuance of the original trial setting,

and the trial was reset for August 29, 1974. Although there was no compliance with Rule 8.5 in regard to this continuance, we hold it was harmless error under the circumstances. Rule 8.5 establishes "extraordinary circumstances" as grounds for the granting of a continuance and establishes certain procedures to be followed. There were apparently no "extraordinary circumstances" in the instant case, nor were the procedures of the rule followed.

 Rule 8.4(a) states that any delays caused by or on behalf of the defendant is an excluded period of time from the computation of time limits set forth in Rules 8.2 and 8.3. Clearly this continuance was on behalf of the defendant/appellant since the record indicates that it was requested due to the fact that defense counsel was in trial in another court on the original trial date. To hold that failure to comply with Rule 8.5 in this circumstance was reversible error would exalt form over substance. *State v. Salas,* Ariz.App., 532 P.2d 872 (filed March 18, 1975). Likewise we think it fundamentally unfair to allow a defendant's attorney to obtain a continuance for his client's benefit, then allow the trial court to fall into error by not complying with Rule 8.5, and on appeal assert failure to comply with the Rules of Criminal Procedure as reversible error. In the instant case appellant has not indicated that any prejudice resulted from the failure of the trial court to send copies of the order granting the continuance to the Presiding Judge of the county and the Chief Justice of the Supreme Court or setting the matter over for more than 30 days as Rule 8.5 requires.

By our decision in this case we do not mean to approve of the trial court's failure to comply with the obvious language of Rule 8.5, only that in these circumstances it is harmless error. We hold that the 50 days from July 10, 1974, when the motion for continuance was made, until August 29, 1974, the date set for retrial, was an excluded period of time under Rule 8.4(a). Therefore the trial date of October 18, 1974 was within the 90-day limits of Rule 8.2(c).

A second continuance was granted on behalf of the defendant/appellant where there was no compliance with Rule 8.5, but we hold that the aforementioned discussion of the first continuance is sufficient to resolve the issue.

The decision of the trial court is affirmed.

OGG, P. J., and FROEB, J., concur.