NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOSEPH JIMENEZ, *Petitioner*,

*v.*

THE HONORABLE SCOTT MINDER, Judge of the SUPERIOR COURT
OF THE STATE OF ARIZONA, in and for the County of MARICOPA,
*Respondent Judge*,

STATE OF ARIZONA, *Real Party in Interest*.

No. 1 CA-SA 24-0056

FILED 08-27-2024

Petition for Special Action from the Superior Court in Maricopa County
No.  CR2023-007957-001
The Honorable Scott Minder, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Maricopa County Office of the Legal Advocate, Phoenix
By Kerina Ibarra
*Counsel for Petitioner*

Maricopa County Attorney's Office, Phoenix
By Quinton S. Gregory
*Counsel for Real Party in Interest*

---

**MEMORANDUM DECISION**

Judge Kent E. Cattani delivered the decision of the Court, in which Presiding Judge Daniel J. Kiley and Judge D. Steven Williams joined.

---

**C A T T A N I**, Judge:

¶1　　　　Joseph Jimenez seeks special action review of the superior court's ruling dismissing the case against him without prejudice for a speedy trial violation under Rule 8.3(b) of the Arizona Rules of Criminal Procedure. Because Jimenez has no adequate remedy by appeal from an order of dismissal without prejudice, we accept jurisdiction. *See* A.R.S. § 13-4033; Ariz. R.P. Spec. Act. 1(a); *State v. Paris-Sheldon*, 214 Ariz. 500, 508, ¶ 23 (App. 2007). For reasons that follow, however, we deny relief.

¶2　　　　Jimenez was incarcerated in Arizona when the State filed new criminal charges against him in September 2023. Jimenez requested final disposition of the new charges, triggering a 90-day deadline under Rule 8.3(b)(3) for the State to bring him to trial. When 90 days had passed, Jimenez moved to dismiss the charges against him with prejudice. After full briefing and oral argument, the superior court found 90 days had passed and dismissed the case, but did so without prejudice. Jimenez sought special action review after the court denied his request for reconsideration. We review the court's dismissal ruling for an abuse of discretion. *State v. Leota*, 256 Ariz. 320, 324, ¶ 16 (App. 2023).

¶3　　　　Jimenez challenges the superior court's decision to dismiss the case without prejudice on two bases.

¶4　　　　First, he argues that the Rule 8 violation caused him prejudice, necessitating dismissal of the new charges with prejudice. A Rule 8 violation requires dismissal, but that dismissal may be either "with or without prejudice." Ariz. R. Crim. P. 8.6; *see also State ex rel. Berger v. Superior Court*, 111 Ariz. 335, 340 (1974) (holding that dismissal for a Rule 8 violation is with or without prejudice "depending upon the facts of the case"). The determinative factor in this analysis is whether the defendant suffered prejudice due to the delay. *Leota*, 256 Ariz. at 325, ¶ 24 (collecting cases). Cognizable prejudice for these purposes hinges on whether the defendant's ability to defend against the charges is impaired. *Id.* at 326, ¶¶ 26–27.

¶5        Here, Jimenez has not articulated any specific prejudice to his defense caused by the delay—e.g., that any evidence or witnesses may become unavailable or that the delay hampered his ability to investigate his case or prepare for trial.  Instead, he asserts that being held in jail rather than prison while the new charges were pending caused prejudice.  But variation in the conditions of his confinement is not cognizable prejudice for Rule 8 purposes.  *See id.*  Likewise, the stress and anxiety he cites "are insufficient on their own to establish prejudice under Rule 8."  *Id.* at ¶ 26.  And the fact that conviction of the new charges could result in additional prison time is not prejudice attributable to pretrial delay but rather a risk inherent in the new charges themselves.  Accordingly, Jimenez has not shown cognizable prejudice supporting dismissal with prejudice for the Rule 8 violation.

¶6        Second, Jimenez asserts that disparate treatment of in-state and out-of-state prisoners under Rule 8 violates equal protection guarantees.  As described above, for an in-state prisoner facing new Arizona charges, Rule 8.6 permits dismissal "with or without prejudice" for a Rule 8.3(b) speedy trial violation.  An out-of-state prisoner facing Arizona charges, however, is entitled to dismissal with prejudice if not timely brought to trial after requesting final disposition.  *See* A.R.S. § 31-481 (Interstate Agreement on Detainers, Art. III(d), Art. IV(e), Art. V(c)); Ariz. R. Crim. P. 8.3(a).

¶7        Equal protection guarantees ensure that "all persons subject to state legislation shall be treated alike under similar circumstances," but "statutes that treat different classes of individuals in different ways do not always result in a denial of equal protection."  *Crerand v. State*, 176 Ariz. 149, 151 (App. 1993).  Because prisoners are not a suspect class and Jimenez has not asserted that the in-state/out-of-state classification implicates a fundamental right, the classification is permissible if it is "rationally and reasonably related to furthering some legitimate governmental interest."  *Id.* at 152.

¶8        Here, in-state and out-of-state prisoners are not similarly situated for Rule 8 speedy trial purposes, and the Interstate Agreement on Detainers codified in A.R.S. § 31-481 is a reasonable legislative effort to address problems peculiar to detainers on prisoners incarcerated in another state.  As described in Article I of the Agreement:

> [D]ifficulties in securing speedy trial of persons already incarcerated in other jurisdictions[] produce uncertainties which obstruct programs of prisoner treatment and

rehabilitation.  Accordingly, it is the policy of the party states and the purpose of this agreement to encourage the expeditious and orderly disposition of such charges and determination of the proper status of any and all detainers based on untried indictments, informations or complaints. The party states also find that proceedings with reference to such charges and detainers, when emanating from another jurisdiction, cannot properly be had in the absence of cooperative procedures.  It is the further purpose of this agreement to provide such cooperative procedures.

*See also United States v. Ford*, 550 F.2d 732, 737–41 (2d Cir. 1977) (exploring the problems stemming from unregulated interstate detainers that led to adoption of the Agreement).  The Agreement reflects a logical policy choice by the contracting states and provides a reasoned basis for treating out-of-state prisoners differently.  Jimenez's disparate treatment argument thus fails.

**¶9**        Accordingly, although we accept jurisdiction of this special action, we deny relief.

