569 P.2d 1351

**The STATE of Arizona, Appellee,**

v.

**John Robert MYERS, Appellant.**

No. 3890.

Supreme Court of Arizona,
In Banc.

Sept. 20, 1977.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III and Thomas G. Bakker, Asst. Attys. Gen., Phoenix, for appellee.

Jones, Hunter & Lerch, P.A. by Ross Anderson, Phoenix, for appellant.

CAMERON, Chief Justice.

The defendant appeals from a jury verdict and judgment of guilt to the crime of assault with a deadly weapon, A.R.S. § 13–249, and a sentence of not less than five nor more than six years in the Arizona State Prison. We have jurisdiction pursuant to Rule 47(e)(5), Rules of the Supreme Court, 17A A.R.S.

Defendant raises two issues on appeal. These are:

1. Did the delay between the commission of the offense and the setting of the first trial date amount to a denial of due process and the right to speedy trial?
2. Was there sufficient evidence to support the verdict?

On 27 May 1975, Bruce Myers, the defendant's brother, visited the trailer occupied by John Myers and Donna Shaver. The purpose of Bruce's visit was to warn John to leave Donna alone and allow her to move out of the trailer peaceably. Donna was Bruce's sister-in-law. Bruce later testified at trial that John appeared to be under the influence of alcohol or drugs and that "he had kind of a far-away look in his eyes." John threatened his brother; the two then scuffled with Bruce emerging as the victor. A few hours later Bruce was driving his wife, Nancy, and Donna back to the trailer to pick up some of Donna's belongings when they noticed John walking alongside of the road. Bruce pulled over and parked with the aim of reconciliation with his brother. John strode up to Bruce shouting "You messed up my eyes, my nose, my face. I am not drunk now and I am going to kill you." John stabbed Bruce three times with a kitchen paring knife before Bruce wrested it away from him. Bruce testified that he and his brother had never fought each other prior to this incident. The crime was committed on 27 May 1975, but a complaint was not filed until 15 November 1975, the day after the Juvenile Court ordered the defendant transferred from the jurisdiction of the Juvenile Court. Trial was commenced on 10 August 1976. From a jury verdict and judgment of guilt the defendant appeals.

### SPEEDY TRIAL–DUE PROCESS

The defendant contends that he was denied due process of law as well as his right to a speedy trial because of an eight and one-half month delay from the dates of the offense and his arrest to the date of the first trial setting. The record shows that at the time of the assault the defendant was on juvenile parole status from the Arizona State Department of Corrections. He was taken into custody by juvenile authorities 28 May 1975, the day after the offense, and his parole was revoked. On 22 August the County Attorney filed a delinquency petition in juvenile court. On 13 September defendant escaped from the Arizona Youth Center and returned to Phoenix where he allegedly committed several felony offenses. He was returned to custody on 1 October 1975 and two days later a juvenile referee recommended that a transfer hearing be held. On 14 November, four days before the defendant's eighteenth birthday, the juvenile court judge ordered that the defendant be transferred to the Superior Court for prosecution as an adult. The next day a complaint charging the defendant with assault with a deadly weapon was filed in Superior Court. At the arraignment held 3 December 1975, the trial date was set for 18 February 1976. The trial was not held until 10 August 1976 due to a Rule 11 competency hearing and other continuances not questioned by the defendant on appeal.

■ We find no violation of the defendant's right to speedy trial due to the delay between the commission of the offense on 27 May 1975 and the filing of the complaint on 15 November 1975 for two reasons. First, as long as the defendant was under the jurisdiction of the Juvenile Court, the State could not proceed against him as an adult. Art. 6, § 15, Arizona Constitution; A.R.S. §§ 8–202 and 8–246(A); *McBeth v. Rose,* 111 Ariz. 399, 531 P.2d 156 (1975). The speedy trial time limits of Rule 8, Rules of Criminal Procedure, 17 A.R.S., (1973), did not run during this period. The complaint was filed as soon as the Juvenile Court transferred the juvenile to the Superior Court for trial as an adult. *State v. Lemon,* 110 Ariz. 568, 521 P.2d 1000 (1974). There was no violation of the Arizona speedy trial rules.

■ Second, as to the constitutional speedy trial requirements, it is not until an

indictment or information has been filed, or the accused has been arrested and held to answer on a criminal charge, that the Sixth Amendment right to a speedy trial comes into play. *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *State v. Lee,* 110 Ariz. 357, 519 P.2d 56 (1974). The defendant did not become an "accused" until 15 November 1975, when the prosecution was initiated by complaint filed in the Superior Court. The trial date setting of 18 February 1976 was within the time limits imposed by Rule 8.2, Arizona Rules of Criminal Procedure. Nor did the pre-indictment delay deprive the defendant of due process of law under the Fourteenth Amendment. The defendant has failed to show that the delay was occasioned by the State to gain a tactical advantage (by postponing the transfer hearing to coincide with the defendant's eighteenth birthday). Nor has the defendant shown that the delay impaired preparation of his insanity defense. *United States v. Lovasco,* —— U.S. ——, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); *United States v. Marion,* supra; *State v. Lemon,* supra.

### SUFFICIENT EVIDENCE

■ Defendant next urges that there was insufficient evidence before the court to support a finding of guilt because the State failed to establish the defendant's sanity at the commission of the offense. In considering whether the verdict is supported by sufficient evidence, the appellate court does not weigh the evidence and decide whether it would reach the same conclusion as the trier of fact. Only where there is a complete absence of a probative fact to support the judgment or where the judgment is clearly contrary to substantial evidence will the appellate court reverse on grounds of insufficient evidence. *State v. Gaines,* 113 Ariz. 206, 549 P.2d 574 (1976); *State v. Childs,* 113 Ariz. 318, 553 P.2d 1192 (1976). We find no such fact situation here.

■ In addition to the testimony of Bruce Myers, Nancy Myers and Donna Shaver concerning the defendant's apparent irrationality on the day of the assault, Dr.

Bindelglas, a psychiatrist, testified that the defendant may have experienced a psychomotor epileptic seizure on that day and consequently would not have known right from wrong nor the probable results of his acts. The State rebutted with the testimony of Drs. Nelson and Gray whose opinions were that the defendant had merely an anti-social personality disorder, aggravated by drugs or alcohol, which condition did not prevent him from distinguishing between right and wrong. This was competent evidence from which the jury could find that the defendant was sane during the assault. We find no error.

Affirmed.

STRUCKMEYER, V. C. J., and HAYS, HOLOHAN and GORDON, JJ. concurring.