576 P.2d 531

The STATE of Arizona, Appellee,

v.

David Wayne ROBERSON, Appellant.

No. 2 CA–CR 1230.

Court of Appeals of Arizona,
Division 2.

Feb. 7, 1978.

Rehearing Denied March 15, 1978.

Review Denied March 28, 1978.

Bruce E. Babbitt, Atty. Gen., by Philip G. Urry, Asst. Atty. Gen., Tucson, for appellee.

John D. Kaufmann, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted by the court, sitting without a jury, of four counts of burglary and one count of grand theft. Imposition of sentence was suspended and appellant was placed on probation for a period of five years. He was ordered to pay restitution in the amount of $600 and furthermore, as a condition of probation he was ordered confined in the Pima County Jail for a period of not more than six months.

On July 28, 1976, Continental School in Continental, Arizona suffered extensive vandalism and was burglarized. As a result of the investigation by the Pima County Sheriff's Department, six juveniles were arrested, including appellant who was at that time 17 years of age. Appellant was arrested in the early hours of July 31, 1976 and transported to the juvenile detention center. Since his 18th birthday would fall on August 8, 1976, appellant was released from the juvenile detention facility on August 2, 1976. No delinquency petition was ever filed in the juvenile court.

On November 4, 1976, appellant was indicted by the Pima County Grand Jury and a summons was issued. He appeared for his initial appearance and arraignment on November 12, 1976. On January 31, 1977, appellant filed a motion to dismiss the indictment for violation of Rule 8.2(a), Arizona Rules of Criminal Procedure, and a motion to suppress his confession. Both motions were denied. On February 22, 1977, the trial court denied appellant's motion for rehearing on the motion to dismiss. After it was denied, appellant filed a petition for special action in this court claiming the trial court abused its discretion in failing to dismiss the indictment because of failure to adhere to the time limits set forth in Rule 8.2(a). Upon dismissal of his special action, appellant proceeded to trial which commenced May 2, 1977.

Appellant contends the trial court erred by (1) failing to dismiss the indictment, (2) refusing to take judicial notice of its own records and file and (3) denying the motion to suppress his confession.

Rule 8.2(a), Arizona Rules of Criminal Procedure states:

"Every person against whom an indictment, information or complaint is filed shall be tried by the court having jurisdiction of the offense within 150 days of the arrest or service of summons under Rule 3.1 except for those excluded periods set forth in Rule 8.4 below."

Rule 3.1, Arizona Rules of Criminal Procedure, states:

"a. Issuance. Upon presentment of an indictment, or on a finding of reasonable cause made pursuant to Rule 2.4, the magistrate shall immediately issue a warrant or summons, or a notice of supervening indictment under Rule 12.7(c)."

Pointing to Rule 8.2(a) appellant contends that the 150 days commenced on July 31, when he was arrested. He contends that the above rule was amended in 1975 to comply with federal requirements of speedy trial as recognized by the Arizona Supreme Court in *State v. Brannin,* 109 Ariz. 525, 514 P.2d 446 (1973). We do not agree. Prior to its amendment in 1975, Rule 8.2(a) stated:

"Every person against whom an indictment, information or complaint is filed shall be tried by the court having jurisdiction of the offense within 150 days of the *issuance of a warrant or summons* under Rule 3.1 except for those excluded periods set forth in Rule 8.4 below." (Emphasis added)

The difference between the old and the new rule is that computation of the 150 days under the new rule commences when the defendant is actually arrested or served with the summons, whereas, under the old rule the 150-day period was computed from the date of *issuance* of a warrant or summons. It is abundantly clear, however, that under both rules the 150-day period does not commence until the defendant has become an "accused", by virtue of the presentment of an indictment or the filing or a complaint. See Rule 3.1, Arizona Rules of Criminal Procedure. We believe that appellant's reliance on *State v. Brannin, supra,* is misplaced. Although the court in *Brannin* did hold that the Sixth Amendment right to a speedy trial commences when a person is arrested, it is clear that the court arrived at this conclusion through an erroneous reading of *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). We note that the Arizona Supreme Court has impliedly corrected the error in *Brannin* in two later cases, *State v. Lee,* 110 Ariz. 357, 519 P.2d 56 (1974) and *State v. Myers,* 116 Ariz. 453, 569 P.2d 1351 (1977). As *United States v.*

*Marion, supra,* states, the right to a speedy trial does not commence until a person in some way becomes an "accused". This does not occur in the federal system until an indictment or information has been filed, or until he has been arrested *and* held to answer on a criminal charge. Of course, in Arizona the filing of a complaint is an "accusation" and triggers the Sixth Amendment speedy trial requirements. *State v. Myers, supra.*

Since the 150-day requirement of Rule 8.2(a), Arizona Rules of Criminal Procedure, did not commence until November 4, 1976, there was no violation of the rule.

A transcript of the hearing on the motion to suppress shows that at the time appellant first arrived at the juvenile detention center, when asked whether or not he wished to make a statement, he said he did not. He was placed in a room alone and after 10 or 15 minutes decided to change his mind because he was tired of sitting there. He then made a confession. He admitted that he was given *"Miranda"* warnings and understood his constitutional rights. Although he had been drinking previously the only effect of the alcohol on him was that he "felt good". We do not agree with appellant's contention that the confession should have been suppressed. Prior to making his confession he was readvised of his rights. The fact that he first told the deputy sheriff that he did not want to talk did not preclude him from waiving his right to remain silent at a later time. *State v. Kroupa,* 16 Ariz.App. 254, 492 P.2d 750 (1972).

At trial, appellant tried again to attack his confession. However, he did not wish to put himself on the witness stand but instead asked the court to take judicial notice of his testimony in the suppression hearing. He claims the court erred in not taking judicial notice of this testimony which had been transcribed. We do not agree. Rule 19.3(c), Arizona Rules of Criminal Procedure, provides that statements made under oath by a party during a previous judicial proceeding are admissible under certain circumstances including the declarant being unavailable as a witness or being present and subject to cross-examination. Appellant was present; however, his refusal to take the witness stand rendered him not subject to cross-examination. Therefore the court properly refused to allow his testimony at the suppression hearing to be admitted into evidence.

Affirmed.

RICHMOND, C. J., and HATHAWAY, J., concur.