656 P.2d 616

David J. RYAN and Helen Ryan, husband and wife, Plaintiffs-Appellants,

v.

STATE of Arizona, a body politic; John Moran, individually and as director of the Arizona Department of Corrections; John Kohl, individually and as director of the Arizona Youth Center, Defendants-Appellees.

No. 1 CA–CIV 5242.

Court of Appeals of Arizona, Division 1, Department A.

May 20, 1982.

Rehearing Denied July 7, 1982.

Review Granted Sept. 9, 1982.

Langerman, Begam, Lewis & Marks by Noel Fidel, Frank Lewis, Phoenix, for plaintiffs-appellants.

Jones, Teilborg, Sanders, Haga & Parks, P.C. by James A. Teilborg, Nicholas T. Adrahtas, David S. Shughart, II, Phoenix, for defendants-appellees.

## OPINION

OGG, Presiding Judge.

This appeal from summary judgment in favor of the state raises the issue of whether the state is subject to liability to an individual who suffered injuries at the hands of a juvenile inmate who escaped from a state juvenile correctional facility.

John Robert Myers, the seventeen year old inmate who escaped from the Alpine Conservation Center, had an extensive juvenile record. Prior to his escape, he had been involved in numerous serious criminal activities, including crimes of violence, and he had escaped from the Arizona Youth Center facilities six times during his commitment to the Department of Corrections.

The records in the possession of the Department of Corrections regarding Myers reflect that between ages eight and eleven, there were two episodes of shoplifting, one theft from vehicle, one auto theft, and three burglaries. The records maintained by the Department during the time of Myers' custody through his last escape reflect multiple instances of theft, grand theft auto, burglary, two episodes of armed robbery, one assault on a probation officer, and an assault in which he stabbed his brother. *See State v. Myers,* 116 Ariz. 453, 569 P.2d 1351 (1977). This assault occurred

on May 27, 1975, while Myers was on parole status from the Department. After the assault, Myers' parole was revoked. He escaped from the Arizona Youth Center on September 13, 1975. Appellant David J. Ryan, a clerk at a convenience market, was shot during an armed robbery by Myers on September 30, 1975. Three months after the shooting the juvenile court remanded Myers to the Superior Court for prosecution as an adult. The Arizona Supreme Court affirmed Myers' convictions for armed robbery and the attempted murder of David Ryan. *See State v. Myers,* 117 Ariz. 79, 570 P.2d 1252 (1977).

The escape of September 13, 1975 was the fourth escape from the Arizona Youth Center and the second escape from the Intensive Program Unit at the Center. The two instances of parole from the Center ended with Myers absent without leave. From the date of Myers' commitment at age eleven to the Department of Corrections in 1969 to the date of his last escape from the Center, there was a period of 2,252 days, of which Myers was on escape status for 551 days. Myers had been red-flagged as being prone to running away "from tough situations, stressful situations" when he was returned to the Arizona Youth Center after an escape on January 8, 1973, after a 13-month absence without leave. On January 25, 1973, his case worker reported that: "John, since his return . . . has stated that he would run away at the first opportunity. He has managed to carry out his intention as of this writing."

The subject escape occurred from an unfenced, unsecured recreational field adjacent to a visitor's parking lot. The only supervision was provided by one staff member who was participating with the inmates in a touch football game. The escapee left the area with two other inmates in a car that had been parked in the adjacent lot with the keys in the ignition so that the car radio could be left on for the entertainment of those in the area.

Mr. Ryan brought this negligence and gross negligence claim against the state, alleging that the state had negligently supervised a dangerous inmate, and sought damages for the serious injuries which he incurred as a result of the shooting.

The trial court granted summary judgment for the state on the basis that the facts did not give rise to a duty flowing from the state to the plaintiff, the breach of which would give rise to a cause of action. We affirm the trial court.

We recognize that the issue raised in this appeal presents a difficult and unsettled concept in Arizona law. A detailed analysis of this issue was made in our recent opinion in *Cady v. State,* 129 Ariz. 258, 263–64, 630 P.2d 554, 559–60 (App.1981), wherein we held

> that the duty to keep felons in custody created by A.R.S. § 31–201.01(A) imposes upon the superintendent and hence the state obligations that flow to the public at large. We further hold that the plaintiff here has failed to plead or establish a course of conduct between herself and the state which would create a relationship that would form the basis of a duty to her individually.

We note that this court in *Cady* interpreted the "narrowing" of the public duty to a private duty which occurred in *Grimm v. Arizona Board of Pardons and Paroles,* 115 Ariz. 260, 564 P.2d 1227 (1977), as follows: "The basis of this 'narrowing' according to the court was that [*Massengill v. Yuma County,* 104 Ariz. 518, 456 P.2d 376 (1969)] dealt with a failure to act (act of omission) while the Board of Pardons and Paroles performed an affirmative act in releasing the dangerous parolee (an act of commission)." 129 Ariz. at 261, 630 P.2d at 557. Our supreme court has emphasized that the determination as to when the duty of a governmental agency or public official extends to a private individual "can only be made on a case by case basis". *State v. Superior Court,* 123 Ariz. 324, 333, 599 P.2d 777, 786 (1979). While we agree that there is sufficient evidence of Myers' dangerous tendencies, we can find no such "narrowing" of the public duty in the present case.

It is our opinion that we are bound by the *Cady* rationale that the duty to keep felons in custody is one that flows to the general public at large, and that an individual citizen may not maintain an action for breach of that duty unless that individual is able to establish a course of conduct between the state and himself giving rise to a situation where the failure to perform that duty or its negligent performance would foreseeably work to the special injury of the individual. *See also Massengill v. Yuma County, supra.*

Appellant failed to plead the existence of a personalized relationship between himself and the state which would form the basis of a duty owed to him individually. Therefore, the trial court properly granted summary judgment in favor of the state.

Judgment affirmed.

FROEB, J., concurs.

CORCORAN, Judge, dissenting:

In *Grimm v. Arizona Board of Pardons and Paroles,* 115 Ariz. 260, 564 P.2d 1227 (1977), the Supreme Court sought guidance from the Restatement of Torts to determine the liability of the Board of Pardons and Paroles for the release of a prisoner who injured the plaintiff in that case. Section 319 states:

> *Duty of Those in Charge of Person Having Dangerous Propensities*
>
> One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.

Restatement Second of Torts § 319 at 129 (1965).

In *Grimm* the majority of the court concluded:

> The serious potential for harm in such situations [set forth in the illustrations to § 319] mandates liability for injury to individual members of the public despite the fact that the duty could also logically be viewed as one owed to the public in

general. The reasoning of § 319 is applicable to the instant circumstances.

115 Ariz. at 267, 564 P.2d at 1234.

As the majority points out, this court recently determined in *Cady v. State,* 129 Ariz. 258, 630 P.2d 554 (App.1981), after an exhaustive review of *Massengill* and subsequent cases, that the injury to an individual by an escaped prisoner does not necessarily give rise to a claim. In *Cady,* there was no indication that the escapee was a dangerous or violent person or that he was prone to escape. The holding in *Cady* is consistent with other well-reasoned cases. *See Williams v. State,* 308 N.Y. 548, 127 N.E.2d 545 (1955). *See also* Annotation, Liability of Public Officer or Body for Harm Done by Prisoner Permitted to Escape, 44 A.L.R.3d 899 (1972).

In this case the Department of Corrections had custody of Myers pursuant to an appropriate commitment. A trier of fact could find that the Department knew or should have known Myers "... was likely to cause bodily harm to others if not controlled...." A trier of fact could also conclude that the Department did not exercise reasonable control to prevent Myers from escaping and doing harm. *Grimm* and the Restatement mandate that this case be presented to a trier of fact rather than that it be disposed of by summary judgment. *See also State v. Superior Court,* 123 Ariz. 324, 599 P.2d 777 (1979); *Oleszczuk v. State,* 124 Ariz. 373, 604 P.2d 637 (1979).

I would reverse this summary judgment and remand the case for trial.