705 P.2d 1387

The STATE of Arizona, Appellee,

v.

Sidney Dean OLSON, Appellant.

No. 2 CA–CR 3428.

Court of Appeals of Arizona, Division 2, Department A.

Aug. 29, 1985.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Roslyn Moore Silver, Phoenix, for appellee.

Frederic J. Dardis, Pima County Public Defender by Constance L. Trecartin, Tucson, for appellant.

## OPINION

HOWARD, Judge.

Appellant was convicted of two counts of felony theft and sentenced to 13.25 years' imprisonment. The sole issue in this appeal is whether appellant was denied a speedy trial under the Sixth Amendment to the United States Constitution, Article 2, § 24 of the Arizona State Constitution and Rule 8.3(a), Rules of Criminal Procedure, 17 A.R.S. A timely defense motion to dismiss on this ground was denied by the trial court.

On August 11, 1982, appellant was arrested in Tucson for the theft of an automobile and the theft of certain tools found in the automobile. Appellant filed a bond of $2,500 and was released on August 12. On August 13, the county attorney filed a motion to reconsider the conditions of release and to hold appellant without bond because the thefts were committed while appellant was already on bail or on his own recognizance on a separate felony charge. Appellant failed to appear at the August 17 hearing on that motion. At the hearing, the court granted the motion, ordering that appellant surrender at the Pima County Jail on August 18 and that he be held without bond. Appellant did not appear at the jail as ordered.

On August 18, the grand jury indicted appellant on the above-mentioned charges of theft involving the car and tools. A bench warrant for appellant's arrest was issued on August 19 because appellant failed to surrender to authorities. In a letter to the Pima County Attorney dated September 9, 1982, defense counsel confirmed that appellant was in custody in Idaho on state and federal charges and requested appellant's return to Arizona, urging that the prosecutor accomplish the transfer immediately without awaiting the resolution of appellant's charges in Idaho. The deputy county attorney responded in writing on September 30 by stating that he believed the proceedings to obtain temporary custody for trial had already begun. On November 29, 1982, appellant was convicted of the interstate transportation of a stolen vehicle, a federal felony offense, and was incarcerated at a federal correctional facility in El Reno, Oklahoma. On January 14, 1983, 127 days after appellant's written request for transfer, an employee of the Pima County Attorney's Office wrote to the warden of the El Reno facility, apparently in the state's first attempt to secure appellant's presence for trial in Arizona. Repeated letters to El Reno finally resulted in appellant's transfer to Arizona on August 29, 1983. Following a jury trial, appellant was convicted of one count of class 3 felony theft and one count of class 5 felony theft. Having found that appellant committed the thefts while released on bail, the trial judge sentenced appellant to the enhanced presumptive prison term of 13.25 years—11.25 for the felony thefts and two years for committing a felony while released on bail. Appellant received credit for 128 days of pretrial incarceration in Arizona.

Appellant concedes that once he was brought back to Arizona his subsequent trial was held within the time limit imposed by the second prong of Rule 8.3(a). His sole contention is that his constitutional and statutory rights to a speedy trial were denied when the state, in violation of the first prong of Rule 8.3(a), failed to take steps to secure appellant's presence in Arizona within 90 days of appellant's written request.

The Sixth Amendment to the United States Constitution and Article 2, § 24, of the Arizona Constitution entitle an accused person to a speedy public trial. Rule 8.3, Rules of Criminal Procedure, 17 A.R.S., specifically provides speedy trial time limits for persons incarcerated. It states, in pertinent part:

"a. Persons Without the State. Within 90 days after receipt of a written request from any person charged with a crime and incarcerated without the state, ... the prosecutor shall take action as required by law to obtain such person's presence for trial...."

Rule 8.6, as amended, states that if the time limits established by Rule 8.3(a) have been violated, the case shall be dismissed.

■ The Rule 8 speedy trial right restricts the state more than the Sixth Amendment. *State v. Tucker*, 133 Ariz. 304, 651 P.2d 359 (1982); *State ex rel. Berger v. Superior Court*, 111 Ariz. 335, 529 P.2d 686 (1974). Therefore, should we find that the precise time limit set by Rule 8 was violated, we would be required to order the case dismissed, pursuant to Rule 8.6, without reaching appellant's constitutional claim. We find, however, that appellant's reliance on Rule 8.3 is, for the most part, misplaced, because the rule does not apply to periods of pretrial detention outside the state.

■ The comment to Rule 8.3(a) states that the rule is intended to supplement the provisions of the Interstate Agreement On Detainers, of which Arizona is a member along with Idaho and most other states as well as the federal government. When detainer issues under the agreement, it puts prison officials on notice that an inmate is wanted for trial in another jurisdiction. Further action by the issuing state is necessary to obtain custody of a prisoner. See Agreement on Detainers, A.R.S. § 31–481; *United States v. Mauro*, 436 U.S. 340, 98 S.Ct. 1834, 56 L.Ed.2d 329 (1978). The purpose of the agreement is to minimize interference with programs of prisoner treatment and rehabilitation of persons serving a sentence in one jurisdiction who have untried charges pending against them in another. A.R.S. § 31–481 art. I; *United States v. Roberts*, 548 F.2d 665 (6th Cir. 1977), cert. denied, 431 U.S. 931, 97 S.Ct. 2636, 53 L.Ed.2d 246. The provisions of the statute apply only to a person who is serving a "term of imprisonment." A.R.S. § 31–481 art. III; *Seymour v. State*, 21 Ariz.App. 12, 515 P.2d 39 (1973). Courts have unanimously refused to apply the statute to pretrial detainees. See *United States v. Dobson*, 585 F.2d 55 (3rd Cir. 1978), cert. denied, 439 U.S. 899, 99 S.Ct. 264, 58 L.Ed.2d 247; and cases cited therein.

■ A pretrial detainee has no immediate interest in any institutional program of treatment or rehabilitation because the nature of his continued confinement is uncertain and contingent upon the outcome of the trial and the imposition of sentence. *United States v. Roberts*, supra. In *Roberts*, the court stated:

"We conclude that the Agreement is only concerned that a sentenced prisoner who has entered into the life of the institution to which he has been committed for a term of imprisonment not have programs of treatment and rehabilitation obstructed by numerous absences in connection with successive proceedings related to pending charges in another jurisdiction. There is no indication in the language of the Agreement or in the legislative history that its provisions were intended to apply to persons being detained for trial who are not serving prison sentences." 548 F.2d at 670–71.

We agree with the reasoning of the *Roberts* court and hold that the time limits of Rule 8.3(a) do not apply to periods of pretrial detention outside Arizona. Appellant

was a pretrial detainee in Idaho until he was convicted on November 9, 1982. The Rule 8.3(a) 90-day time period did not begin to run until appellant began to serve the sentence imposed for that conviction. The county attorney's January 14, 1983, request for custody was therefore timely under Rule 8.3(a).

Turning to appellant's constitutional claim, we find no violation of his right to a speedy trial. Assuming arguendo that appellant's trial was delayed beyond applicable time limits, our analysis of the record nevertheless leads to the conclusion that no violation occurred. The United States Supreme Court employs four factors to determine whether a delay of trial warrants the reversal of a conviction: (1) the length of the delay; (2) the reason for the delay; (3) defendant's assertion of the right, and (4) prejudice to the defendant resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). None of these factors is controlling, but while the length of delay is the least important, the most important is the prejudicial effect. *State v. Parker*, 116 Ariz. 3, 567 P.2d 319 (1977).

In the state's response to appellant's motion to dismiss, the prosecution recognized the need to bring appellant to trial at the earliest available time, stating that it had done "everything within its power that was not futile." Any effort to secure his presence prior to the Idaho trial on state and federal charges would have been futile. The length of the subsequent delay, between the Idaho conviction and the county attorney's first effort to obtain custody, was not of constitutional magnitude. Cf. *Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973) (appellant was tried 28 months after his initial demand). Finally, and most important, we find that the delays did not cause prejudice to appellant. Appellant concedes that he was not prejudiced in the preparation of his defense but he alludes to other, less tangible forms of possible prejudice, such as interference resources, curtailment of association, public obloquy, and anxiety in the defendant, his family and friends. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). We note that few of these factors carry much weight in the case of an already incarcerated defendant. See *Moore v. Arizona*, supra. Appellant focuses upon an alleged denial of "opportunities that could be available to him, including full time credits." Appellant's sentences, however, were imposed concurrently with his federal sentence, and we see no other possible prejudice to appellant resulting from the process of acquiring custody over him for trial in Arizona. Appellant was not denied his constitutional right to a speedy trial.

The convictions and sentences imposed are affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.