723 P.2d 661

**Terry Lynn McCUTCHEON, Petitioner,**

v.

**SUPERIOR COURT OF the STATE of Arizona, In and For the COUNTY OF PIMA; Hon. Thomas Meehan, Judge of the Superior Court, Division Sixteen, Respondents,**

and

**STATE of Arizona, Attorney General's Office, Steven LaMar, Real Party of Interest.**

**No. CV 86–0055–SA.**

Supreme Court of Arizona, In Banc.

July 18, 1986.

Reconsideration Denied Sept. 16, 1986.

Frederic J. Dardis, Pima County Public Defender by John W. Biggers, Deputy County Public Defender, Tucson, for petitioner.

Robert K. Corbin, Atty. Gen. by Steven A. LaMar, Asst. Atty. Gen., Phoenix, for respondents and real party in interest.

CAMERON, Justice.

This is a special action brought in response to the trial court's denial of defendant's motion for dismissal of an indictment. We have jurisdiction pursuant to art. 6, § 5(1) of the Arizona Constitution.

We must decide two questions:

1. Did the delay in bringing defendant to trial violate Rule 8 of the Arizona Rules of Criminal Procedure, 17 A.R.S.?

2. Did the delay violate the sixth amendment to the United States Constitution speedy trial requirement?

The facts are not in dispute. On 1 May 1984, defendant was arrested for the armed robbery and kidnapping of patrons of a

Phoenix restaurant. *See State v. McCutcheon*, 150 Ariz. 317, 723 P.2d 666 (1986), decided this day. Defendant was placed in custody and taken to the Maricopa County Jail, where he remained until he was sentenced on 13 June 1985. Thereafter, he was transferred to the Department of Corrections.

While defendant was awaiting trial in Maricopa County, the Tucson Police Department came to believe that defendant committed a robbery of a Tucson drugstore. On 21 May 1984, a criminal complaint was filed in Justice Court. As a result, a felony warrant was issued. Defendant was not, however, served with this warrant. Additionally, defendant was charged for the same offense by an indictment dated 28 June 1984, and another warrant for arrest was issued on that date. That warrant was not served until 23 August 1985. At that time, a writ of *habeas corpus ad prosequendum*, ordering defendant's transfer from the State Prison to Pima County, had been issued and served.

On 26 August 1985, defendant was arraigned before the Superior Court of Pima County. Thereafter, the trial court granted two continuances at defendant's request because of trial conflicts by his attorney and upon a finding by the judge of extraordinary circumstances and delay being indispensable to justice. One continuance was from 1 October to 1 November, and another from 17 December to 14 January. In addition, the court of appeals issued a stay on 6 January 1986, which was vacated on 22 January when that court dismissed defendant's petition for special action. We issued a stay on 31 January pending determination of defendant's petition for special action.

### RULE 8

#### 1. Rule 8.3

Defendant first contends that while he was in custody because of the Maricopa County offense, he should have been notified of his right to demand a final and speedy disposition of any untried charges against him pursuant to Rule 8.3 Ariz.R. Crim.P. 17 A.R.S. (Hereinafter Rule ___). He urges that since he was not notified of this right, the charges should be dismissed with prejudice. We do not agree.

Rule 8.3 sets forth a mechanism for prisoners to request a final disposition of any untried charges.

> 2. Within 30 days after a detainer has been filed against a prisoner incarcerated within this state, the prosecutor charged with the duty of prosecuting the charge from which the detainer results, shall inform him of the detainer and of his right to request its final disposition under Rule 8.3(b)(1).
>
> 3. Within 90 days after sending such a request to the court and prosecutor, the prisoner shall be brought to trial upon the charge.

Rule 8.3(b)(2), (3).

A detainer is "a writ or instrument, issued or made by a competent officer, authorizing the keeper of a prison to keep in his custody a person therein named." Black's Law Dictionary 535 (Revised 4th Ed.1968). A detainer "puts prison officials on notice that an inmate is wanted for trial in another jurisdiction." *State v. Olson*, 146 Ariz. 336, 338, 705 P.2d 1387, 1389 (App.1985). More importantly, a detainer requires that the prison officials notify the prosecutor of the inmate's release date and hold him for the prosecutor.

■ In the instant case, no detainer was filed. A writ of *habeas corpus ad prosequendum*, a writ to produce the defendant for the purposes of prosecution, does not amount to a detainer. *U.S. v. Mauro*, 436 U.S. 340, 359, 98 S.Ct. 1834, 1846, 56 L.Ed.2d 329 (1978). Under Rule 8.3(b)(2), the prosecution is not required to notify the defendant of the right to request a trial until a detainer is filed. Since no detainer was issued, Rule 8.3(b) has not been violated. We find no error.

#### 2. Rule 8.2

Defendant next contends that Rule 8.2 requires he be brought to trial within 150

days of his being charged. Defendant points out that more than one year elapsed between the filing of the complaint and indictment and his receipt of the arrest warrant. He, therefore, argues that the indictment against him should be dismissed because he has been denied a speedy trial.

Rule 8 provides time periods within which a defendant must be brought to trial. Specifically, Rule 8.2(a) states:

**Rule 8.2   Time limits**

**a.   All Defendants.** Every person against whom an indictment, information or complaint is filed shall be tried by the court having jurisdiction of the offense within 150 days of the arrest or service of summons under Rule 3.1 except for those excluded periods set forth in rule 8.4 below.

On its face, Rule 8.2(a) measures the 150 day period *from arrest.* The court of appeals has held, however, that "the 150–day period does not commence until the defendant has become 'accused', by virtue of the presentment of an indictment or the filing o[f] a complaint." *State v. Roberson,* 118 Ariz. 343, 344, 576 P.2d 531, 532 (App. 1978). However, *Roberson* can be distinguished in that in *Roberson* the defendant was arrested as a juvenile and released from custody by the juvenile court. He then turned eighteen and was indicted. Defendant, in *Roberson,* contended that the time began running at the time he was arrested and that since more than 150 days had elapsed, the charges should be dismissed. The court of appeals held that in these circumstances, the 150 days ran from the date of the indictment and not the date of the arrest; since the defendant had been timely prosecuted from the date of indictment, there was no error. The court of appeals was correct in its result because defendant was arrested as a juvenile and the time does not run as long as the defendant is under the jurisdiction of the juvenile court.

> [A]s long as the defendant was under the jurisdiction of the Juvenile Court, the State could not proceed against him as an adult. Art. 6, § 15, Arizona Constitution; A.R.S. §§ 8–202 and 8–246(A); *McBeth v. Rose,* 111 Ariz. 399, 531 P.2d 156 (1975). The speedy trial time limits of Rule 8, Rules of Criminal Procedure, 17 A.R.S., (1973), did not run during this period.

*State v. Myers,* 116 Ariz. 453, 454, 569 P.2d 1351, 1352 (1977).

■ In the instant case, we believe that a defendant in custody on another offense who has not been the subject of a detainer and who has not requested a trial pursuant to Rule 8.3(b)(1), must measure his time from the date of transfer to local custody or from arraignment. We believe the applicable rule is Rule 8.2(b) which reads:

**b. Defendants in Custody.** Every person held in custody in this state on a criminal charge shall be tried by the court having jurisdiction of the offense within 120 days from the date of his initial appearance before a magistrate on the complaint, indictment, or information, or within 90 days from the date of his arraignment before the trial court, whichever is the lesser.

■ In the instant case, the date of defendant's initial appearance, 26 August 1985, was the same as the date of arraignment. Defendant then had 90 days to be tried from that date subject only to the excludable time periods of Rule 8.4 and 8.5.

Rule 8.4 excludes "Delays resulting from continuances in accordance with Rule 8.5, but only for the time periods prescribed therein". Rule 8.4(d). Rule 8.5(b) reads as follows:

**b. Grounds for Motion.** A continuance shall be granted only upon a showing that extraordinary circumstances exist and that delay is indispensible to the interests of justice. A continuance may be granted only for so long as is necessary to the interests of justice, and in no case for longer than 30 days.

■ Applying the foregoing rules to the instant case, defendant was arraigned on 26 August 1985. Ninety days from 26 August would mean the defendant had to be tried by the 24th of November. Excluding

the times from 1 October to 31 October (31 days) and from 17 December to 13 January (28 days), the defendant would have 59 additional days in which to be tried or a trial date of 22 January 1986. However, in addition the court of appeals issued a stay on 6 January which ran until 22 January the day the defendant's petition for special action was denied. This stay added 16 more days [1] of excluded time which meant that the final day for trial was 7 February. We issued a stay effective 31 January 1986, when we granted the petition for special action. Rule 8.2 has not been violated.

### SIXTH AMENDMENT

Defendant also contends his speedy trial right under the sixth amendment has been violated. U.S. Const. Amend. VI. In the context of a constitutional analysis, the United States Supreme Court has held that the speedy trial right of the sixth amendment commences only after the defendant has been "accused" of a crime. *U.S. v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455, 459, 30 L.Ed.2d 468 (1971). "So viewed, it is readily understandable that it is either a formal indictment or information or else the actual restraints imposed by arrest and holding to answer a criminal charge that engage the particular protections of the speedy trial provisions of the Sixth Amendment." *Id.* 92 S.Ct. at 463. The sixth amendment right to a speedy trial arises when a person becomes accused. *U.S. v. Marion, supra.* As stated, *Marion* provides that a person becomes accused by either formal indictment, information, or actual restraint imposed by arrest or holding to answer. 404 U.S. at 320, 92 S.Ct. at 463. In the instant case, defendant's right to a speedy trial for purposes of the sixth amendment attached on 28 June 1984, when he was charged by indictment.

To evaluate the alleged sixth amendment speedy trial violation, we must apply the balancing test of *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *Barker* sets out four factors:

length of delay, reason for delay, timeliness of defendant's assertion of his right, and prejudice caused to the defendant. *Id.* 407 U.S. at 530, 92 S.Ct. at 2192. *See also State v. Gretzler*, 126 Ariz. 60, 72, 612 P.2d 1023, 1035 (1980), *cert. denied*, 461 U.S. 971, 103 S.Ct. 2444, 77 L.Ed.2d 1327 (1983).

While length of delay has the least weight of the four factors, it serves to trigger the analysis. *State v. Gretzler*, 126 Ariz. at 72, 612 P.2d at 1035. Once the test is triggered, all four factors must be considered. *Barker v. Wingo*, 407 U.S. at 530, 92 S.Ct. at 2192. In the instant case, we believe a delay of about nineteen months triggers the *Barker* analysis. *See State v. Soto*, 117 Ariz. 345, 348, 572 P.2d 1183, 1186 (1977) (nine month delay triggered analysis); *U.S. v. Jenkins*, 701 F.2d 850 (10th Cir.1983) (sixteen month delay triggered analysis).

Once triggered, the court must consider the reason for the delay. "A deliberate attempt to delay the trial in order to hamper the defense should be weighted heavily against the government. A more neutral reason such as negligence ... should be weighted less heavily.... Finally, a valid reason, ..., should serve to justify appropriate delay." *Barker v. Wingo*, 407 U.S. at 531, 92 S.Ct. at 2192. (footnote omitted). In the instant case, the major cause of the delay appears to be the fact that the defendant was being held and tried in Maricopa County on other charges from 1 May 1984 until 13 June 1985. While we do not believe such a delay was justified, it does not appear that the delay was the result of a deliberate attempt by the state to hamper the defense. We believe that the delay caused by the trial in Maricopa County was a "more neutral reason". *Barker v. Wingo, supra.*

The third factor is the timeliness of defendant's assertion of his right. In the instant case, defendant did not request a speedy trial while in custody in Maricopa County or in the State Prison. Defendant, however, may not have learned of the

---

1. A stay stops everything, including the running    of a continuance.

charges until 23 August 1985, when he was served with a warrant. We will not penalize defendant for this failure, *See Terry v. Duckworth,* 715 F.2d 1217 (7th Cir.1983) (where court did not "assign significant blame to petitioner" for failing to assert speedy trial right when he didn't know of pending charge).

Finally, defendant claims he was prejudiced because a key witness now cannot be found. Defendant, however, offers nothing to show as to how this key witness, if present, would testify. *See U.S. v. Jenkins,* 701 F.2d at 857.

■ We have weighed the four *Barker* factors. From the record before us, we are unable to determine if the defendant's sixth amendment rights to speedy trial have been violated without determining whether defendant has been prejudiced by the delay. By this statement, we do not infer that prejudice to the defendant is the sole factor we must consider in determining whether the defendant's sixth amendment right to speedy trial has been violated. *Moore v. Arizona,* 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973). Considering, however, that the delay, though long, was not shown to be a "deliberate attempt to delay the trial in order to hamper the defense", *Barker v. Wingo,* 407 U.S. at 531, 92 S.Ct. at 2192, prejudice to the defendant becomes important in determining whether there was a sixth amendment speedy trial violation.

The matter must be returned to the trial court for a hearing to determine if defendant has been prejudiced by the delay. If the trial court, after said hearing, determines that defendant has not been prejudiced by the delay, the defendant must be tried forthwith. If the court finds the defendant has been prejudiced, the matter must be dismissed with prejudice pursuant to *Barker v. Wingo, supra.*

HOLOHAN, C.J., GORDON, V.C.J., and HAYS and FELDMAN, JJ., concur.