800 P.2d 974

**STATE of Arizona, ex rel. Roderick G. McDOUGALL, Phoenix City Attorney, Petitioner,**

v.

**The Honorable Daniel E. NASTRO, Judge of the Superior Court of the County of Maricopa; the Superior Court of the County of Maricopa, Respondents,**

**and**

**Dorlissa J. STEIN, Real Party in Interest.**

**No. CV–90–0365–SA.**

Supreme Court of Arizona, En Banc.

Nov. 20, 1990.

Kerry G. Wangberg, Phoenix City Prosecutor, Samuel K. Lesley, Asst. City Prosecutor, Phoenix, for petitioner.

Dan Roth, P.C. by Dan Roth, John Gustafson, Peyton A. Kerr, III, Scottsdale, for Dorlissa J. Stein, real party in interest.

OPINION

PER CURIAM.

On appeal from a judgment entered in Phoenix Municipal Court finding defendant guilty of driving while under the influence of intoxicating liquor and driving with a blood alcohol content of 0.10% or more, the superior court reversed and remanded with directions to enter a verdict of acquittal. The superior court judge based his ruling on the belief the 150–day arrest-to-trial rule of *Hinson v. Coulter,* 150 Ariz. 306, 723 P.2d 655 (1986), was applicable to juveniles charged with violating A.R.S. § 28–692(A) and/or (B).

The state filed a petition for special action in this Court, contending that the ruling of the superior court is contrary to our previous holdings that the Arizona Rules of Criminal Procedure in general and the speedy time limits of Rule 8 in particular are not applicable in juvenile proceedings. The state reasons that, because the *Hinson* rule is based on Rule 8, it follows that the *Hinson* time limits are not applicable in this case. We agree. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5, and Ariz.R.Proc.Spec.Act., 17B A.R.S.

Briefly stated, the facts are that the defendant (real party in interest in this special action) was arrested on June 20, 1989, several months before her eighteenth birthday. Proceedings were commenced in Phoenix Municipal Court pursuant to that court's jurisdiction to hear cases involving violations of the motor vehicle code by juveniles. *See generally* A.R.S. § 8–232. On September 6, 1989, prior to any disposition by the court, defendant reached the age of majority. Thereafter, the state dis-

missed the original citations and filed criminal charges in the city court. Defendant moved to dismiss the charges, arguing that the 150–day time limit of *Hinson* had been violated. The trial judge denied her motion. Defendant then entered guilty pleas pursuant to *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), expressly reserving the *Hinson* issue for appeal. The trial court found defendant guilty as charged and imposed sentence. Defendant appealed to superior court.

In *State v. Myers,* 116 Ariz. 453, 454, 569 P.2d 1351, 1352 (1977), we rejected a defendant's claim that he was denied his right to a speedy trial, pointing out that "[t]he speedy trial time limits of Rule 8, Rules of Criminal Procedure, 17 A.R.S. (1973), did not run during [the period defendant was under the jurisdiction of the juvenile court]." *Hinson* did not involve a juvenile offender, nor is there any indication in the opinion that juveniles arrested for violating A.R.S. § 28–692(A) or (B) were to come under the rule of that case.

Moreover, in *McCutcheon v. Superior Court,* 150 Ariz. 312, 315, 723 P.2d 661, 664 (1986), filed just eighteen days after *Hinson,* we reiterated that the 150–day arrest-to-trial provisions of Rule 8.2(a) did not apply to juvenile offenders, quoting directly from *Myers.*

The superior court erred in concluding that *Hinson* was controlling in this case. Because the state has no remedy by appeal, we accept jurisdiction of the petition for special action and grant the relief requested. The order reversing the judgment of the trial court is vacated and the matter is remanded to the superior court with directions to affirm the judgment of the Phoenix Municipal Court.

GORDON, C.J., FELDMAN, V.C.J., and CAMERON, MOELLER and CORCORAN, JJ., concur.