930 P.2d 1004

**STATE of Arizona, Appellant,**

v.

**David Serrano ESTRADA, Appellee.**

**No. 1 CA–CR 96–0032.**

Court of Appeals of Arizona,
Division 1, Department C.

Oct. 31, 1996.

Reconsideration Denied Jan. 28, 1997.

Richard M. Romley, Maricopa County Attorney by Gerald R. Grant, Deputy County Attorney, Phoenix, for Appellant.

Dean W. Trebesch, Maricopa County Public Defender by Edward F. McGee, Deputy Public Defender, Phoenix, for Appellee.

## OPINION

GRANT, Judge.

The State of Arizona appeals from the Maricopa County Superior Court's order dismissing this case with prejudice. We affirm the dismissal and remand for rehearing on whether the dismissal should be with or without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

In May, 1994, a Maricopa County grand jury indicted David Serrano Estrada ("Defendant") on two counts of trafficking in stolen property, and the trial court issued an arrest warrant. At that time, Defendant was incarcerated in an Arizona prison on an unrelated conviction. On or about July 24, 1995, the Arizona Department of Corrections lodged a detainer against Defendant pursuant to a request from the Maricopa County Sheriff's Office. On August 29, 1995, Defendant sent a request for final disposition to the trial court and the Maricopa County Attorney, in accordance with Rule 8.3(b)(1) of the Arizona Rules of Criminal Procedure ("Rules"). As of December 4, 1996, trial had not commenced and Defendant filed a motion to dismiss on the ground that the state exceeded the 90 day time limit set forth at Rule 8.3(b)(3). After a hearing on the motion, the trial court initially dismissed the case without prejudice, but later amended its order to effect a dismissal with prejudice. The state timely appealed the dismissal. This court has jurisdiction to adjudicate the appeal. Ariz. Const. art. VI, § 9; Arizona Revised Statutes Annotated ("A.R.S.") §§ 12-120.21(A), 13-4031, 13-4032(1).

## DISCUSSION

The state contends that the trial court abused its discretion in dismissing the case with prejudice rather than without prejudice.

We agree with the trial court's conclusion that the state exceeded the 90 day time limit under the rule, and that the only issue is whether the dismissal should be with or without prejudice. The trial court addressed this issue without resolving it at the hearing. At the hearing, the state argued that the court had discretion to dismiss the case without prejudice, and that the relevant factors favored a decision to do so, citing *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), and *McCutcheon v. Superior Court*, 150 Ariz. 312, 723 P.2d 661 (1986). Defendant did not argue, as he does now, that Rule 8.3(b)(2) requires dismissal with prejudice. Rather, he argued for dis-

missal with prejudice on the legal theory that the amount of delay from the time of indictment to the time of the hearing gave rise to a presumption of prejudice and that there was actual prejudice.

Prior to adjourning the hearing the trial judge announced his decision to dismiss the case without prejudice and informed the parties that he was taking under advisement the possibility of dismissing the case with prejudice. The substance of the transcript implies that the trial judge was uncertain whether Rules 8.3 and 8.6 afforded him the option of dismissing the case without prejudice.[1] The transcript does not suggest that the trial judge intended to further deliberate the *Barker* factors. The subsequent amendment of the minute entry order dismissing the case with prejudice does not reflect the court's reasoning. Consequently, we do not know whether the trial judge dismissed the case with prejudice in the belief that he lacked discretion to do otherwise. We must therefore resolve that issue and, if the trial court had discretion to dismiss the case without prejudice, remand the case for a decision on the merits.

Rule 8.3(b)(1) provides that prisoners in Arizona may request final disposition of any untried indictment. Rule 8.3(b)(3) provides that the prisoner "shall be brought to trial upon the charge" within 90 days after sending the request. Rule 8.6 states:

> If the court determines after considering the exclusions of Rule 8.4, that a time limit established by Rules ... 8.3(a), 8.3(b)(2), or 8.3(b)(3) has been violated, it shall on motion of the defendant, or on its own initiative, dismiss the prosecution with or without prejudice.

Rule 8.6, as applied to Rule 8.3(a), conflicts with the Interstate Agreement on Detainers ("IAD"), which requires a dismissal with prejudice when time limits are exceeded in cases involving defendants imprisoned in oth-

er states subscribing to the IAD compact. A.R.S. § 31–481, Art. V(c); *State v. Burrus*, 151 Ariz. 572, 575, 729 P.2d 926, 929 (App. 1986) ("Both Articles III and IV have specific time limits; failure to adhere to those limits requires dismissal with prejudice."), *modified and remanded on other grounds*, 151 Ariz. 581, 729 P.2d 935 (1986). Defendant argues that indictments against in-state prisoners must also be dismissed with prejudice if the state violates the time limits of Rule 8.3. We disagree.

Two factors compel the conclusion that the trial court had discretion under the Rules to dismiss this case either with or without prejudice. First, in-state prisoners are subject to Rule 8.3(b) rather than Rule 8.3(a), and are outside the scope of the IAD. But for the conflicting language in the IAD, the court would have discretion to dismiss cases without prejudice under both subsections of Rule 8.3.

Second, the language of Rule 8.6 is unequivocal and expressly applies to Rule 8.3(b)(3): the court shall dismiss the prosecution "with or without prejudice." The rule formerly stated that upon finding a time limit violation the trial court "may ... dismiss the prosecution with prejudice." *State ex rel. Berger v. Superior Court*, 111 Ariz. 335, 340, 529 P.2d 686, 691 (1974). Even under the former language, the Arizona Supreme Court held that "when the court does find that there is ground to dismiss the prosecution pursuant to 8.6(b) that it may, in its discretion, dismiss with prejudice or without prejudice depending upon the facts of the case." *Id.* The Arizona Supreme Court expressly amended the rule in 1975 to provide for dismissal "with or without" prejudice.

If the trial court dismissed this case with prejudice in the mistaken belief that it lacked authority to do otherwise, then the trial court did not properly exercise its discretion. *State v. Garcia*, 170 Ariz. 245, 247, 823 P.2d

---

1. Noting that cases against out-of-state prisoners must be dismissed with prejudice if the time limit is exceeded, under Rule 8.3(a), the judge asked, "Why should there be any difference for a person who is brought from out of state as far as the 90 days, and *the dismissal with prejudice* in that case?" The judge also asked, "On the comment on 8.3(a), where it talks about dismissal with

prejudice, is that a mandatory dismissal with prejudice based on that comment, or do you read 8.6 as saying that it is discretionary with the Court to dismiss with or without prejudice?" Finally, the judge commented, "I think the only other thing I asked was about Rule 8.6 and ... whether that is discretionary or not."

693, 695 (App.1991). Because it is unclear from the record why the trial court dismissed the case with prejudice, we remand this matter for a ruling that articulates the trial court's reasoning. *Id.*; *see also* Arizona Rules of Criminal Procedure 16.6(c) ("The court shall state, on the record, its reasons for ordering dismissal of any prosecution.")

 The decision to dismiss with or without prejudice depends on whether the delay infringed Defendant's Sixth Amendment right to a speedy trial. *State v. Tucker*, 133 Ariz. 304, 307–08, 651 P.2d 359, 362–63 (1982). The relevant factors to be considered in making this determination were argued at the hearing and briefed in the state's opposition to Defendant's Motion to Dismiss. Accordingly, if the trial court did not evaluate speedy trial factors in arriving at its decision to dismiss with prejudice, it must now do so, and may require additional briefing from the parties on that issue. If the trial court did evaluate the speedy trial factors, and dismissed the case with prejudice upon finding that Defendant's speedy trial rights were violated, the court need only clarify its ruling on the record.

## CONCLUSION

We affirm the trial court's order dismissing this case, but vacate that part of the order stating "with prejudice." We remand this matter for reconsideration of Defendant's Motion to Dismiss consistent with this decision.

THOMPSON, P.J., and McGREGOR, J., concur.