949 P.2d 507

**STATE of Arizona, Appellant,**

v.

**Eusedio L. MEDINA, Appellee.**

**No. 1 CA–CR 96–0439.**

Court of Appeals of Arizona, Division 1, Department E.

April 17, 1997.

As Amended May 7, 1997.

Review Denied Jan. 21, 1998.[*]

---

4. In the present case, for example, the proposal was defeated in the November 1997 election.

[*] Moeller, J., did not participate in the determination of this matter.

Richard M. Romley, Maricopa County Attorney by Diane E. W. Gunnels, Deputy County Attorney, Phoenix, for Appellant.

Dean W. Trebesch, Maricopa County Public Defender by Paul J. Prato, Deputy Public Defender, Phoenix, for Appellee.

## OPINION

KLEINSCHMIDT, Judge.

The Defendant was charged with aggravated driving while under the influence of intoxicating liquor. The trial court dismissed the case with prejudice because it found that the Defendant's right to a speedy trial had been violated. We reverse because the facts of this case do not implicate the right to a speedy trial. Instead, this is a case of preindictment delay, and since the Defendant failed to show actual and substantial prejudice, and that the State engaged in an intentional delay for tactical purposes, we reverse the order of dismissal and remand this mat-

ter to the trial court for further proceedings.[1]

## FACTS AND PROCEDURAL BACKGROUND

On November 13, 1993, the Defendant was arrested for DUI, and released on his own recognizance. No charges were filed at that time. On March 31, 1994, the county attorney filed a complaint against the Defendant in the Tolleson Justice Court, charging him with two counts of aggravated DUI. A summons was issued on April 12, 1994, and service was attempted on the Defendant. The address the Defendant had listed on his release papers in November was, at least by the time service was attempted, a vacant lot. Although the Motor Vehicle Division had another home address and another mailing address for the Defendant, both of which were valid, the prosecution did not check with the Motor Vehicle Division and made no further attempts to serve the summons.

In July 1994, a warrant was issued for the Defendant's arrest, but it was not executed until January 1996. At the initial appearance on January 19, 1996, the court ordered the arrest warrant to be quashed. On February 7, 1996, the Defendant waived his right to a preliminary hearing and was held to answer before the superior court. An information was filed in Maricopa County Superior Court on February 15, 1996, alleging the same charges contained in the complaint. The Defendant was arraigned on the information on February 21, 1996.[2] Thereafter, he moved to dismiss the case with prejudice, claiming that the delay between his arrest on November 13, 1993, and his initial appearance on January 19, 1996, violated his speedy trial rights

under the Arizona Constitution, the U.S. Constitution and Rule 8.2, Arizona Rules of Criminal Procedure, and prejudiced his defense. Following oral argument, the court granted the motion and the State appealed.

■ We review an order granting a motion to dismiss criminal charges for an abuse of discretion or for the application of an incorrect legal interpretation. *State v. Sandoval*, 175 Ariz. 343, 347, 857 P.2d 395, 399 (App.1993). The trial judge dismissed this case because he believed that the Defendant's right to a speedy trial had been violated.[3] This was a mistake because the Defendant's right to a speedy trial did not attach until February 7, 1996, which is the date the Defendant was held to answer on the charge. The trial judge should have treated this as a case of *preindictment delay* and analyzed the motion to dismiss under the test of *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Had he done so, for reasons that we will explain later, he could not, on this record, have dismissed the charges.

■ A person's Sixth Amendment right to a speedy trial does not attach until an indictment has been returned or a complaint has been filed and a magistrate has found that probable cause exists to hold the person to answer before the superior court.[4] This is well established law in Arizona. *See State v. Lee*, 110 Ariz. 357, 519 P.2d 56 (1974); *State v. Enriquez*, 102 Ariz. 402, 430 P.2d 422 (1967); *State v. Burrell*, 102 Ariz. 136, 426 P.2d 633 (1967); *State v. Maldonado*, 92 Ariz. 70, 373 P.2d 583 (1962) (interpreting the predecessor to Ariz. R. of Crim. P. 8.2), *cert. denied*, 371 U.S. 928, 83 S.Ct. 299, 9 L.Ed.2d 236 (1962); *State v. Jackson*, 17 Ariz.App.

---

1. Our holding is consistent with another opinion which we file today in the case of *State v. Lemming*, 1 CA–CR 96–0496.

2. A criminal prosecution must begin with an indictment or an information. Ariz. Const. art. 2, § 30. *See also State v. Meeker*, 143 Ariz. 256, 693 P.2d 911 (1984). An information must be preceded by the filing of a complaint and a finding of probable cause. *See* Ariz. R.Crim. P. 2.1 (misdemeanors), 2.2 (felonies), 5.4 (determination of probable cause) and 13.1(b) (information).

3. Whether a delay warrants dismissal for violation of the right to a speedy trial requires an analysis of the factors discussed in *Barker v.*

*Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 2191–92, 33 L.Ed.2d 101 (1972), which include "[l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant."

4. The Defendant does not rely on Rule 8 in this appeal and therefore our analysis is based on the Sixth Amendment right to a speedy trial. Rule 8, which sets time limits for criminal prosecution, is stricter than the law that governs speedy trial rights under the Constitution. *State v. Tucker*, 133 Ariz. 304, 651 P.2d 359 (1982).

533, 499 P.2d 111 (1972); *see also Favors v. Eyman*, 466 F.2d 1325 (9th Cir.1972) (holding that a charge by complaint in Arizona is informal, and under *Marion*, Sixth Amendment speedy trial right does not attach when complaint is filed before a justice of the peace). Our research discloses a case that might introduce some confusion on the point. In *State v. Roberson*, 118 Ariz. 343, 344–45, 576 P.2d 531, 532–33 (App.1978), in rejecting an argument that the right to a speedy trial attached when a person was arrested, Division Two of this court said:

> As *United States v. Marion, supra*, states, the right to a speedy trial does not commence until a person in some way becomes an "accused". This does not occur in the federal system until an indictment or information has been filed, or until he has been arrested *and* held to answer on a criminal charge. Of course, in Arizona the filing of a complaint is an "accusation" and triggers the Sixth Amendment speedy trial requirements. *State v. Myers, supra.*

We believe the *Roberson* court, which had no need to be concerned with the distinction between filing a complaint and holding a person to answer, read more into the *Myers* decision than that case contains. In *State v. Myers*, 116 Ariz. 453, 569 P.2d 1351 (1977), the supreme court found that a defendant's right to a speedy trial had not been violated because a complaint was filed on November 15, 1975, and the trial began on February 18, 1976, which was within the time limits of Rule 8.2, Arizona Rules of Criminal Procedure. Given the timeliness of the trial, the court simply had no reason to draw a distinction between the time the complaint was filed and the time the defendant was held to answer. In other words, *Myers'* mention of the filing of the complaint as the point at which the right to a speedy trial attaches was simply a broad expression that served to resolve that case. Our conclusion that the right attaches when the defendant is held to answer is consistent with dicta in the supreme court's more recent case of *McCutcheon v. Superior Court*, 150 Ariz. 312, 723 P.2d 661 (1986), in which the court said that an accusa-

tion, for speedy trial purposes, occurs "by either formal indictment, information, or actual restraint imposed by arrest or holding to answer." 150 Ariz. at 316, 723 P.2d at 665.[5]

The Defendant also argues that his right to a speedy trial attached when he was arrested and released with no charges filed. As our preceding discussion suggests, this is incorrect. A defendant who is held in custody for an unreasonable period without being charged may have a claim for a violation of his constitutional rights. If, however, he is arrested and released without charge soon thereafter, the right to a speedy trial does not attach because no charge is outstanding. *State v. Dunlap*, 187 Ariz. 441, 930 P.2d 518 (App.1996).

We leave the discussion of speedy trial rights under the Sixth Amendment and turn to whether the preindictment delay violated the Defendant's due process rights under the Fifth and Fourteenth Amendments. "[T]he Due Process Clause has a limited role to play in protecting against oppressive delay." *United States v. Lovasco*, 431 U.S. 783, 789, 97 S.Ct. 2044, 2048, 52 L.Ed.2d 752 (1977) (citing *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971)). Under *Marion*, actual prejudice is necessary to establish a due process violation, and intentional delay by the prosecution to gain a tactical advantage would require dismissal of the charges. 404 U.S. at 324, 92 S.Ct. at 465. In *Lovasco*, the Supreme Court distinguished intentional tactical delay from investigative delay, and held that investigative delay does not violate due process, even if a defendant's "defense might have been somewhat prejudiced by the lapse of time." 431 U.S. at 795–96, 97 S.Ct. at 2052.

Arizona courts have interpreted *Marion* and *Lovasco* to require that a defendant show intentional delay by the prosecution to obtain a tactical advantage, and actual and substantial prejudice as a result of the delay. *State v. Lacy*, 187 Ariz. 340, 346, 929 P.2d 1288, 1294 (1996) ("Moreover, even in cases where an accused experiences some prejudice from a lapse of time, prosecutions fol-

---

5. Our rationale does not apply to misdemeanors charged by short form complaint, where the arresting officer issues a complaint and notice to appear and the defendant signs a promise to appear. *See* A.R.S..§ 13–3903. In such a case, the right to a speedy trial attaches when the complaint and notice are delivered.

lowing investigative delays do not necessarily offend due process."); *State v. Williams,* 183 Ariz. 368, 379, 904 P.2d 437, 448 (1995); *State v. Broughton,* 156 Ariz. 394, 397–98, 752 P.2d 483, 486–87 (1988); *State v. Hall,* 129 Ariz. 589, 592–93, 633 P.2d 398, 401–02 (1981).

The Defendant has failed to make the necessary showing that would warrant dismissal. First, he has wholly failed to allege or demonstrate that the State intentionally delayed to gain a tactical advantage. As far as prejudice is concerned, the Defendant claims that one of the two women who was with him when he was arrested is not available because she moved to an unknown address out of state. Defense counsel asserted that this witness, if available, would have testified that the Defendant was not driving. Defense counsel also conceded, however, that the second woman would offer the same testimony at trial. While the Defendant may have shown some prejudice, such does not rise to the actual and substantial prejudice that mandates a dismissal. *See State v. Dunlap,* 187 Ariz. 441, 930 P.2d 518 (App.1996). Accordingly, we reverse the dismissal order and remand this matter to the trial court for further proceedings.

WEISBERG, P.J., and VOSS, J., concur.