NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

SHAIN KYLE KEE, *Appellant.*

No. 1 CA-CR 23-0230

FILED 03-18-2025

---

Appeal from the Superior Court in Yavapai County
No. V1300CR202180696
The Honorable Michael R. Bluff, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Michael J. Dew, Attorney at Law, Phoenix
By Michael J. Dew
*Counsel for Appellant*

Shain Kyle Kee, Buckeye
*Appellant*

---

**MEMORANDUM DECISION**

Chief Judge David B. Gass delivered the decision of the court, in which Presiding Judge Brian Y. Furuya and Vice Chief Judge Randall M. Howe joined.

---

**G A S S**, Chief Judge:

**¶1**        Shain Kyle Kee filed this appeal in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Kee's counsel certified he found no arguable, non-frivolous question of law. Counsel thus believes the appeal has no merit. *See State v. Clark*, 196 Ariz. 530, 537–38 ¶¶ 30–31 (App. 1999). Counsel asks the court to search the record for arguable issues. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *State v. Thompson*, 229 Ariz. 43, 45 ¶ 3 (App. 2012). The court accepted Kee's supplemental brief, in which he raised 4 issues.

**¶2**        Kee's conviction and sentence are affirmed without the need for further briefing.

**FACTUAL AND PROCEDURAL HISTORY**

**¶3**        The court views the facts in the light most favorable to sustaining the jury's verdict and resolves all reasonable inferences against Kee. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2 (App. 1998). The court will not reweigh the evidence. *State v. Lee*, 189 Ariz. 590, 603 (1997).

**¶4**        The victim's family employed Kee to work on their ranch. Kee lived on the ranch in an apartment behind the victim's home and occasionally drove the victim to school. They spent time working with horses and roping together on the ranch. The victim said Kee was like a brother to her.

**¶5**        In December 2018, the victim was 13 years old. While she and Kee were watching the television in the victim's living room, she fell asleep. She woke up when Kee carried her to her bedroom. Kee then took off her clothes and put his penis into her vagina. She did nothing to express consent.

**¶6**        Over the next few months, Kee had intercourse with the victim 3–5 times every other week. Most of those times, Kee sent a text

message to the victim and asked her out for drinks, which resulted in them having sex. The victim took Kee's texts to mean "[d]o you want to have sex[?]" During that time, Kee told the victim he loved her. In April 2019, the victim's family fired Kee for unrelated reasons. Kee never had sex with the victim after that.

¶7        Several years later, the victim's mother learned the victim was sexually active and asked her who was her first sexual partner. The victim told her mother it was Kee. Her mother then contacted the police. The police opened an investigation. The police had the victim conduct a confrontation call with Kee. During that call, Kee admitted he had sex with the victim. A minute after the call ended, Kee called back and asked the victim if she had told anyone. She said no.

¶8        At trial, Kee testified and denied ever having sex with the victim. He acknowledged the confrontation call. But he said he believed he was speaking with his ex-girlfriend because he was using a borrowed phone. That phone did not include his contacts. He explained the borrowed phone just showed "Sedona 928," but did not identify the caller. As a result, he believed he was speaking with his ex-girlfriend, not the victim. He went on to say the only person in Sedona with whom he had sex was his ex-girlfriend. He explained he called his ex-girlfriend back to find out if her boyfriend thought she was a virgin.

¶9        After a 5-day jury trial, the jury convicted Kee of 1 count of sexual assault of a minor under 15 years. *See* A.R.S. § 13-1406. The jury found 2 aggravating circumstances: (1) harm to the victim and (2) Kee was in a "position of trust" with the victim. *See* A.R.S. § 13-701.D.9, .27.

¶10        Defense counsel timely objected to the "position of trust" aggravating circumstance using Rule 20, Arizona Rules of Criminal Procedure. The superior court denied the motion, concluding the legal definition of "position of trust" used in A.R.S. §§ 13-1404 and -1405 did not apply and the State introduced sufficient evidence to allow the jury to consider the term based on its commonly understood meaning. After deliberation, the jury found the State proved beyond a reasonable doubt the "position of trust" aggravating circumstance.

¶11        At sentencing, the superior court found 2 mitigating circumstances: (1) it was Kee's first felony offense and (2) he had strong family support. The superior court found the aggravating circumstances slightly outweighed the mitigating. The superior court imposed a slightly-aggravated sentence of 22 years to be served day-for-day. *See* A.R.S.

§ 13-705. The superior court credited Kee with 565 days of presentence incarceration and imposed a term of community supervision. The superior court assessed fees and financial sanctions totaling $864.00. The superior court also required Kee to register as a sex offender under A.R.S. § 13-3821.

**¶12** Kee initially would have timely filed his Notice of Appeal, but defense counsel failed to electronically file it with his signature. As a result, counsel filed a motion to the superior court to accept his "late" filing with the correction. The superior court granted the motion, allowing the filing to reflect the initial timely filing date. Kee also untimely filed his supplemental brief by 2 days, which the court accepted of its own accord.

**¶13** The court has jurisdiction over Kee's appeal under Article VI, Section 9, of the Arizona Constitution, and A.R.S. §§ 13-4031 and -4033.A.1.

## DISCUSSION

**¶14** Kee's counsel says he diligently searched the record and identified no arguable, non-frivolous question of law. In his supplemental brief, Kee raises 4 issues.

**¶15** When a defendant objects at trial, the court conducts a harmless error review in which the State bears the burden "to prove beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence." *State v. Strong*, ___ Ariz. ___, ___ ¶ 45, 555 P.3d 537, 553 (2024) (quoting *State v. Henderson*, 210 Ariz. 561, 567 ¶ 18 (2005)). "Conversely, for issues not properly objected to at trial, we review for fundamental error only." *Id.* (citing *State v. Escalante*, 245 Ariz. 135, 140 ¶ 12 (2018)).

**¶16** For fundamental error, "a defendant must establish both that fundamental error occurred and that it caused [the defendant] prejudice (though showing the former may establish the latter)." *Id.* (quoting *State v. Johnson*, 247 Ariz. 166, 185 ¶ 41 (2019)). Fundamental error must go "to the foundation of the case, take[] away from the defendant a right essential to [the defendant's] defense, or [be] of such magnitude that the defendant could not have possibly received a fair trial." *Id.* (quoting *Johnson*, 247 Ariz. at 185 ¶ 41). In assessing the alleged prejudice, the court reviews "whether, without the error, a reasonable jury could have reached a different result, even if substantial evidence of guilt exists." *Id.* (quoting *Escalante*, 245 Ariz. at 144 ¶ 34).

**¶17** We address each of Kee's issues in turn.

## I. The superior court had subject-matter jurisdiction.

**¶18** Kee argues the superior court lacked subject-matter jurisdiction because the State failed to timely file an information within 10 days after a judge found probable cause. Because Kee did not raise this issue before the superior court, the court reviews for fundamental error. *See Strong*, ___ Ariz. at ___ ¶ 45, 555 P.3d at 553.

**¶19** Kee argues the State did not file a timely information because the State did not file it "until November 10, 2021; 23 days after the initial complaint." Kee cites the following authorities for support: Article II, Section 30, of the Arizona Constitution, Rule 3.1,[1] and *State v. Buckley*, 153 Ariz. 91 (App. 1987).

**¶20** Kee accurately says *Buckley* allows him to raise lack of subject-matter jurisdiction at any time, even on appeal. 153 Ariz. at 93.

**¶21** Kee also accurately says the Arizona Constitution. The State cannot prosecute for felony by information unless the court conducts a preliminary examination of the charges. *See* Ariz. Const. art. II, § 30. Under the Arizona Constitution, the State may charge a defendant by either an indictment or an information. *Id.* If by information, the State must file a complaint and the court must find probable cause. *See State v. Medina*, 190 Ariz. 418, 420 n.2. (App. 1997). Here, the State filed a complaint and the superior court found probable cause before proceeding by information.

**¶22** But Kee misplaces his reliance on Rule 13.2 when he argues the information was untimely. Under that rule: The State "must file an information in superior court no later than 10 days after a magistrate finds probable cause or the defendant waives a preliminary hearing." Ariz. R. Crim. P. 13.2. If the State fails to file a timely information, the defendant may move for dismissal. *Id.* Even if it is dismissed, the State may refile the information subject to time limits. *Id.* Kee argues Rule 13.2 requires the State to file an information no later than 10 days after the *complaint*. It does not. Rather, the State must file an information no later than 10 days after a *probable cause finding*. *Id.*

**¶23** The State filed a complaint on October 19, 2021. The superior court held a bail eligibility hearing on November 10, 2021, during which it found "proof evident and presumption great that [Kee] committed the Offenses in the Complaint," satisfying the probable-cause finding

---

[1] Kee's supplemental brief cites Rule 3.1, but that rule does not apply. Based on his argument, he relies on Rule 13.2.

requirement. The State filed the information the same day. The information thus was timely, and the superior court had subject-matter jurisdiction.

## II. The superior court did not abuse its discretion when it excluded evidence of the victim's alleged prior sexual relations with her boyfriend.

¶24 The court reviews evidentiary issues for an abuse of discretion. *Strong*, ___ Ariz. at ___ ¶ 45, 555 P.3d at 553. Because Kee raised this issue before the superior court, the court conducts a harmless error review in which the State bears the burden "to prove beyond a reasonable doubt that the error did not contribute to or affect the verdict or sentence." *Id.* (quoting *Henderson*, 210 Ariz. at 567 ¶ 18).

¶25 Kee argues the superior court abused its discretion by denying him permission to use the victim's prior sexual history to show the victim's motive in bringing a charge against him. Kee argues the superior court should have allowed defense counsel to present evidence of the victim's sexual history with her boyfriend over the past 2 to 3 years. Kee sought to introduce this evidence to prove the victim accused Kee to "take the blame off the boyfriend or that the victim was in trouble with her mother for having a sexual relationship with her boyfriend."

¶26 Kee moved for a hearing under A.R.S. § 13-1421, Arizona's rape shield statute. Section 13-1421 says the court should admit "[e]vidence of specific instances of the victim's prior sexual conduct . . . only if a judge finds the evidence is relevant and is material to a fact in issue in the case and that the inflammatory or prejudicial nature of the evidence does not outweigh the probative value of the evidence . . . ."

¶27 The superior court denied the motion on 2 grounds. First, the superior court determined Kee failed to establish the evidence was relevant and material. In doing so, the superior court said Kee's "evidence is insufficient to establish a factual predicate connecting the victim's sexual history with the defense theory of motive." Second, it ruled the evidence would be unduly prejudicial. In making those rulings, the superior court did not abuse its discretion. *See Strong*, ___ Ariz. at ___ ¶ 45, 555 P.3d at 553.

## III. The superior court did not sentence Kee illegally.

¶28 The court "reviews the interpretation of sentencing statutes *de novo*." *State v. Perez-Gutierrez*, 257 Ariz. 307, 310 ¶ 9 (2024) (emphasis added). Because Kee did not raise this issue before the superior court, the court reviews for fundamental error. *See Strong*, ___ Ariz. at ___ ¶ 45, 555

P.3d at 553; *State v. Hollenback*, 212 Ariz. 12, 16 ¶ 12 (applying fundamental error review to the imposition of an illegal sentence).

**¶29** Kee argues he was subjected to an illegal sentence under A.R.S. §§ 13-1406.D and -705.C because the superior court failed to "impose a sentence in conformity with mandatory sentencing statutes." *See State v. Carbajal*, 184 Ariz. 117, 118 (App. 1995). To start, the jury convicted Kee under the correct subsection, 13-1406.A, not subsection 13-1406.D as Kee claims.

**¶30** Next, Kee argues he was subjected to an illegal sentence under subsection 13-705.C. Because the jury found the victim was under 15 years old at the time of the assault, the superior court had to sentence Kee under section 13-705. *See* A.R.S. § 13-1406.B. The superior court did so. But as Kee correctly notes, the superior court identified the incorrect subsection—13-705.C—in the sentencing order. That subsection applies to "sexual assault of a minor who is under twelve years of age." Because Kee's victim was 13 years old at the time, the superior court's sentencing order should have identified subsection 13-705.E, which is for "sexual assault of a minor who is twelve, thirteen or fourteen years of age."

**¶31** Nothing in the record suggests the superior court considered the discretionary life sentence available under subsection 13-705.C. Neither the State, the defense, nor the presentencing memorandum suggest the superior court had the discretion to impose a life sentence. As such, Kee faced a mandatory prison term with a minimum term being 13 years, the presumptive being 20 years, and the maximum being 27 years. Those ranges are the same under subsections 13-705.C and .E. Under that sentencing scheme, the superior court imposed a slightly-aggravated sentence of 22 years.

**¶32** As noted above, the May 8, 2023 Judgment of Guilt and Sentence (sentencing order) contains a clerical error. For count 1, the sentencing order cites A.R.S. § "13-705(c)". It should have referenced A.R.S. § "13-705(E)". This clerical error does not prejudice Kee, but merits correction. This court has the authority to correct technical errors in sentencing orders. *See* Ariz. R. Crim. P. 24.4; *see also State v. Gutierrez*, 130 Ariz. 148, 150 (1981) (modifying a sentencing order to correct technical errors). We thus modify the sentencing order as follows: at page 1, under Count 1, strike "13-705(c)" and insert "13-705(E)".

**IV.    The superior court did not improperly apply an aggravating circumstance.**

**¶33**        The court applies a *de novo* standard of review because it involves the interpretation of a statute and the superior court's application of law. *3 SL Fam., LLC v. State*, ___ Ariz. ___, ___ ¶ 12, 560 P.3d 349, 352 (App. 2024) (discussing standard of review for interpreting statutes); *State v. Moody*, 208 Ariz. 424, 445 ¶ 62 (2004) (discussing standard of review for purely legal issues). Because Kee's counsel timely objected to the aggravating circumstance of Kee being in a position of trust to the victim, the court reviews for harmless error. *See Strong*, ___ Ariz. at ___ ¶ 45, 555 P.3d at 553.

**¶34**        Kee argues the superior court improperly allowed the jury to find he was in a "position of trust" with the victim and then relied on that finding to impose an aggravated sentence. In superior court, Kee asked the superior court to define the term "position of trust" for the jury based on A.R.S. § 13-1401.A.2's definition of "position of trust." The superior court declined and allowed the jury to find as an aggravating circumstance, whether Kee was in a "position of trust" with the victim based on the term's commonly understood meaning. The superior court determined it was a "valid use" of the catchall aggravator because it is a "circumstance surrounding the crime." *See* A.R.S. § 13-701.D.27.

**¶35**        The superior court correctly ruled section 13-1401's "position of trust" definition did not apply to Kee's conviction. Sections 13-1404 and -1405 use the term "position of trust." In the former, it negates consent as a defense. In the latter, it is required for sexual conduct with a minor over 15 years of age to be a class 2 felony.

**¶36**        Section 13-1401's definition only applies to chapter 14, sexual offenses. *See* A.R.S. § 13-1401.A ("In *this chapter* . . . 'Position of trust' means . . . .") (emphasis added). But the aggravating circumstances are in chapter 7, sentencing and imprisonment. Chapter 7 specifically references chapter 14's "position of trust [definition]" in A.R.S. § 13-709.A, but only for sentencing for certain offenses committed in school safety zones. *See 3 SL Fam.*, ___ Ariz. at ___ ¶ 12, 560 P.3d at 352 (recognizing the legislature intends for certain definitions to apply in specific contexts). The legislature never applied the "position of trust" definition to A.R.S. § 13-701. For that reason, the superior court correctly concluded A.R.S. § 13-1401.A.2's definition did not apply to Kee's aggravating circumstance. *See Butler Law Firm, PLC v. Higgins*, 243 Ariz. 456, 461 ¶ 19 (2018) ("We interpret words in a statute in accordance with their statutory definition.").

**V.    Beyond the issues Kee raises, we read and considered counsel's brief and fully reviewed the record for arguable, non-frivolous error and identified no such error.**

¶37    All proceedings complied with the Arizona Rules of Criminal Procedure. The superior court properly empaneled 12 jurors and 1 alternate. *See* A.R.S. § 21-102.A. The record shows no evidence of jury misconduct. The superior court properly instructed the jury on the elements of the charged offense, the State's burden of proof, and Kee's presumed innocence. Kee was present and represented by counsel at all stages of the proceedings. *See State v. Bohn*, 116 Ariz. 500, 503 (1977); *State v. Conner*, 163 Ariz. 97, 104 (1990). The superior court held appropriate pretrial hearings, and the evidence presented at trial and summarized above was sufficient to support the jury's unanimous verdict.

¶38    Kee had a chance to speak at sentencing. *See* Ariz. R. Crim. P. 26.9 (requiring defendant's presence at sentencing), 26.10(c)(1) (allowing defendant to speak); A.R.S. § 13-701 (felony sentencing). Kee's sentence falls within the range prescribed by law, with proper credit given for presentence incarceration.

## CONCLUSION

¶39    We decline to order further briefing and affirm as modified Kee's conviction and sentence.

¶40    Defense counsel's obligations pertaining to Kee's representation in this appeal will end. Unless counsel's review reveals an issue appropriate for submission to the Arizona Supreme Court by petition for review, defense counsel need only inform Kee of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984).

**¶41** The court, of its own accord, grants Kee 30 days from the date of this decision to file an *in propria persona* motion for reconsideration. *But see* Ariz. R. Crim. P. 31.20 (allowing 15 days to file a motion for reconsideration). Kee has 30 days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review or, if Kee files a timely *in propria persona* motion for reconsideration, he has 15 days after the motion is decided. *See* Ariz. R. Crim. P. 31.21.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**: JR